### J. L. Hume et al. v. H. V. Schintz et al.

#### Decided June 2, 1897.

**1. Final Judgment—New Trial in Part.**

There can be but one final judgment in the District Court, and the action of its judge in setting aside the verdict as to one branch of a case while approving it as to another, reserving entry of judgment thereon until an approved verdict is obtained upon the first branch, is unwarranted, though the issues are independent.

**2. Same.**

Where a plaintiff sought damages for false imprisonment and also for malicious prosecution, and the court set aside a verdict in his favor on the former issue, while approving that part of it which was for defendants upon the latter, such action was equivalent to granting a new trial upon the entire case, and there should be a retrial of both issues.

Appeal from Travis. Tried below before Hon. F. G. Morris.

For the history of this litigation, see Schintz v. Morris, 89 Texas, 648; Hume v. Schintz, 90 Texas, 72; Schintz v. Morris, 13 Texas Civ. App., 580; same case, 35 S. W. Rep., 516; 35 S. W. Rep., 825 (on rehearing); 36 S. W. Rep., 292 (dissenting opinion); Hume v. Schintz, 91 Texas, 204.

*Walton & Hill, Hewlett, Rosenberg & Rosenberg,* and *George F. Pendexter,* for appellants.

*R. C. Walker* and *Hogg & Robertson,* for appellees.

COLLARD, Associate Justice.—The statement of the case made in appellants' brief is admitted by appellee to be sufficient for the purposes of the appeal, and it is adopted by this court. It is as follows:

"The appellee brought suit against appellants on divers alleged causes of action, two of which were false imprisonment, and malicious prosecution for a felony. The two mentioned are all it is needful to notice, as demurrers were sustained to the others and they cut no figure in the subsequent proceedings, and are not here for review. The errors committed during the trial, if any, are not material, nor are they here for review. The result of the trial was a verdict for the plaintiff on the false imprisonment branch of the case, and one for the defendants on the other branch.

"The defendants made a motion for a new trial, giving as reasons therefor certain alleged errors of the court pertaining to the trial of the

false imprisonment branch of the case, on which they were cast. The court intimated what his ruling would be, viz., to grant the motion as to the false imprisonment branch of the case. Plaintiff contended that such a ruling would be, in legal effect, to grant a new trial on the whole case; but in this the court did not agree with him. Plaintiff then asked time in which to make motion for new trial on the malicious prosecution branch of the case. Time was granted, and the motion filed.

"At a subsequent day the court heard the motions. That of defendants was granted, and that of plaintiff refused. The entry was as follows: 'On this 16th day of March, 1896, came on to be heard the motion of defendants for a new trial, and the motion of plaintiff for a new trial on his action for malicious prosecution in the alternative that the court should decide to grant the defendants a new trial on the action for false imprisonment, upon which the verdict was favorable to plaintiff; and the court having considered the motions, and it appearing to the court that no error was committed in the trial of the cause of action for malicious prosecution, libel, slander, or extortion, or in the trial of either of said causes of action joined in plaintiff's petition with the cause of action therein set up for false imprisonment, but that there was error in the trial and disposition of the said suit for false imprisonment so joined with said several causes of action, it is, therefore, ordered and decreed that the judgment heretofore rendered on the verdict of the jury in this case be and the same is hereby set aside; and it is further ordered, that so much of the verdict of the jury as finds for the plaintiff against the defendants on the cause of action for false imprisonment for $1000 exemplary damages and $4000 actual damages be and the same is hereby set aside; that a new trial of the cause of action pleaded by plaintiff for false imprisonment above be and the same is hereby granted; and ordered, that the plaintiff's motion for a new trial on the other issues be and the same is hereby overruled, and that so much of the verdict and rulings of the court prior to the verdict as pertains to the cause of action alleged and tried for malicious prosecution, libel, slander, and extortion, be retained, and remain as passed upon by the court and the jury, without permitting a new trial on said issues, and without any judgment being now rendered or left in force on said several alleged causes of action, to the end that, when the alleged cause of action for false imprisonment shall be tried and determined, one final judgment may be rendered on such determination and on the part of the issues heretofore passed on by the court and jury and which have not been set aside, so that the determination of each and all the causes of action set up, including those heretofore passed upon and those hereafter to be passed upon as above indicated, may be made the basis of the one final judgment in the case.' Plaintiff excepted and gave notice of appeal, but did not perfect it. Thus matters stood, and court adjourned for the term.

"At the next term of court, on the 9th of April, the plaintiff filed the following motion: 'Now comes the plaintiff, * * * and moves the court

to set aside the pretended interlocutory judgments rendered against him at the last term of this court denying a new trial of his cause of action for malicious prosecution as set forth in his petition in this cause, and plaintiff asks that he be granted the privilege of a trial of said cause of action at the present term of this court, in connection with and as a part of his suit against the defendants.'

"Of this motion no notice was given to defendants, although it was entered on the motion docket. The court, however, entertained the said motion, and on it rendered the following order: 'And now on this the 10th day of April, 1896, came on to be heard the motion of plaintiff that the court set aside a certain interlocutory judgment which the motion assumes the court rendered or retains in force on the verdict of the jury; and the court being of the opinion that it has not left in force any interlocutory judgment rendered on the verdict of the jury and rulings of the court made prior to the rendering of the verdict, but the court set aside entirely the final judgment heretofore rendered in this case, without setting aside the interlocutory rulings and orders of the court or the verdict of the jury leading to the final judgment, except the court set aside so much of the verdict of the jury as found for the plaintiff, and retained the part of the verdict which was in favor of the defendants, without any judgment on it, to be made the basis of a final judgment in connection with the former interlocutory rulings of the court and the rulings that shall hereafter be made and the verdict which shall hereafter be rendered on the alleged cause of action for false imprisonment; but the court considered that this motion, whether rightly construing the prior orders of the court or not, has the effect of a motion that the court set aside so much of its order as limits the new trial ordered to a trial of the cause of action alleged by plaintiff for false imprisonment, and that the court also set aside, or treat as having been set aside, so much of the verdict of the jury as finds against the plaintiff, and allow a new trial on each and all of the several separate causes of action set up in plaintiff's petition; and being so construed, it is ordered by the court that said motion be and the same is hereby overruled, and that the order heretofore made, setting aside the final judgment rendered in this cause, and setting aside so much of the verdict of the jury as found for the plaintiff on the cause of action alleged for false imprisonment, and refusing to set aside the verdict and rulings as to the other causes of action, but retaining the verdict and interlocutory rulings and orders on each of the causes of action set up in plaintiff's petition except that of false imprisonment, and granting a new trial on the latter alleged cause of action alone, and refusing a new trial on the other causes of action alleged in plaintiff's petition, are hereby adhered to and enforced; to which ruling plaintiff excepts.' Thereupon the plaintiff instituted mandamus proceedings before the Court of Civil Appeals, Third Supreme Judicial District, against F. G. Morris, the judge of the court, based on the fact that he had declined to grant the motion supra made on the 9th of April, and had refused to grant it, as per terms of the order of refusal, just preceding.

"An order to show cause was issued and served on the said judge; a hearing was had, and the court issued its order as follows, after the formal parts: 'It is therefore considered, adjudged, and ordered, that the writ of mandamus do issue from this court, directed to said F. G. Morris, judge, as aforesaid, commanding him as such to set aside his orders refusing to again try and determine the issue of malicious prosecution; that upon the trial of the original suit between the plaintiff, H. V. Schintz, and defendants, J. L. Hume and W. H. Tobin, in the court below, said court try and dispose of the issue of malicious prosecution, along with the other issues, agreeably to the principles and usages of law.'

"Thereafter, on the 21st of May, the plaintiff made the following motion: 'Now comes the plaintiff by attorneys, and shows to the court that upon a petition for mandamus filed by plaintiff the honorable Court of Civil Appeals for the Third Supreme Judicial District, on the 6th day of May, 1896, entered up an order directing that a writ of mandamus issue, commanding this court to set aside the orders made in this case refusing to again try and determine the issue of malicious prosecution, and that upon the trial of this suit this court try and dispose of the issue of malicious prosecution, along with the other issues, agreeably to the principles and usages of law. A writ of mandamus embracing a copy of said order has been filed in this court with the papers of this case, and is here referred to and made a part hereof. In consideration of the premises, plaintiff moves that the court now set aside the orders heretofore made herein refusing to again try and determine the issue of malicious prosecution, and that the court now set this case for trial for some day during the present term of this court.'

"On this motion the court made this order: 'On this 6th of June, 1896, came on to be heard the motion of the plaintiff that this court set aside its order, heretofore made, limiting the new trial to the issue of false imprisonment, and to set the case for trial on a day of the present term of court, and calling the attention of the court to the writ of mandamus issued by the Court of Civil Appeals for the Third Supreme Judicial District, requiring this court to set aside and vacate the orders of this court restricting the new trial to the issue as to false imprisonment; and the court having considered said writ of mandamus, and because of the requirements of said writ, and against the judgment of this court: It is ordered, that so much of the orders heretofore made in this case as restricts the trial of the issue as to false imprisonment, the same is hereby set aside and the case ordered to be retried on all the issues in the case, without setting aside the verdict heretofore rendered in this case on the alleged cause of action for malicious prosecution if the same was not vacated by the order heretofore made setting aside so much of the verdict as pertained to the alleged cause of action for false imprisonment. And the court having considered the motion to set this cause for trial on a certain day of the present term of court, and it appearing to the court that at the term next preceding the present term the jury civil docket for the present term was set for trial during two weeks commencing April

27, 1896, and during one week commencing June 8, 1896, and that, by agreement of both parties, this case was passed on the regular call of the jury docket during the first two weeks of the jury docket, and that this case will be subject to be called. for trial at and during the call of the jury docket. during the week commencing June 8, 1896,.subject to the right of prior trial of older cases than this case, but that the same can not be set for trial for.any particular day until the court can ascertain what time will be consumed on the trial of older cases than this one. It is therefore ordered, that said motion to set said case for trial be and the same is hereby overruled.'

."Thereupon the plaintiff, ore tenus, moved the court to dismiss the entire case from the docket, which the court refused to grant, but did .propose to dismiss the false imprisonment branch of the case, if the plaintiff desired to sever his causes of action. This order plaintiff declined to take, and afterwards filed a motion in writing, when the case was not on call, to dismiss.the case in toto, which motion was by the court refused.

"The defendants having interposed their objections, substantially as follows, to the court granting plaintiff's motion: 1. That they have an interest in the verdict heretofore rendered in· this case .on the branch thereof called malicious prosecution. 2. Said verdict has never been set .aside. 3. To dismiss the case will destroy the verdict. 4. That plaintiff has no right to dismiss this case without prejudice so long as said verdict continues in force; that under said verdict they set up and claim an affirmative right. 5. They demand as their legal right that they have judgment rendered on said verdict. 6. That all mandates, orders, or other process issued and ordered to be issued by the Court of Civil Appeals for the Third Supreme Judicial District to the judge of this court, requiring him to set aside his judgments heretofore entered in this case on said verdict, are void in law, because made wholly without any jurisdiction to make, issue, or enforce such orders and mandates. 7. Judgment on said verdict is moved.

"On the.9th day of June, 1896, the case was called for trial and the plaintiff filed the following motion: 'And now comes the plaintiff in the above entitled cause, and says that he will not further prosecute this suit in this court, and that he now takes a nonsuit in said cause, without prejudice, as he has a right to do under the provisions of article 1301 of the Revised Civil Statutes, there being no cross-action or claim for affirmative relief filed against him by.the defendants in said cause; wherefore, he prays the court to enter an order dismissing this cause at his cost and .without prejudice.'

"On this motion the court entered the following order, in substance, the case being on call for trial: 1. The case is dismissed as to the branch of false imprisonment, slander, libel, and extortion, and as to them defendants go without·day, at plaintiff's cost. 2. The motion, so far as the malicious prosecution branch of the case is concerned, is denied, and in obedience to the writ of mandamus it is now called for trial; and plaintiff refusing to try. the same, but insisting on his motion to dismiss, it is

ordered that the said motion be denied; to which plaintiff excepts.   3. That whereas, on the 8th of February, 1896, on the trial of this case, the jury found a verdict acquitting the defendants on the charge of malicious prosecution, which verdict was retained by the court when the motion for a new trial was granted on the false imprisonment branch of the case, on the 14th of March, 1896, which verdict is in full force, it is therefore ordered, that plaintiff take nothing by his suit for malicious prosecution, and that defendants go hence without day, with their costs; to which plaintiff excepted and gave notice of appeal.

"Plaintiff then swore out an affidavit charging the judge of the court with contempt of the said Court of Civil Appeals, and he was ordered to respond thereto.  The said judge, after conference with the court, received from them their construction of the mandate theretofore issued, to the effect that it meant, by the terms agreeably to the principles and usages of law, to include a dismissal of the case in entirety, he agreeing to carry out the construction given of the instrument; whereupon the court entered up the following order, as the action of the court:

" 'On this day (27th of June, 1896), came on to be heard for further consideration the motion of plaintiff for a nonsuit, and the objections of the defendants thereto, and the defendants' motion for a rendition of judgment on the verdict of the alleged cause of action for malicious prosecution, and the court being of the opinion that the objections of the defendants to the nonsuit and their motion for rendition of judgment ought to be sustained, but the Court of Civil Appeals having, in proceedings for contempt against the judge of this court, held that this court can make no ruling in this case based on the opinion entertained by the judge of this court that there is a verdict in force on the alleged cause of action for malicious prosecution without violating the writ of mandamus issued by said court, notwithstanding said writ on its face, as construed by this court, merely directs a trial and does not require the court to allow a nonsuit, and there being no legal reason upon which this court can refuse to allow a nonsuit, except the existence of a verdict in the case, and as assigning that as a reason for refusing a nonsuit will be regarded by said Court of Civil Appeals as a contempt of that court:

" 'It is therefore ordered, adjudged, and decreed, in pursuance of the rulings of the Court of Civil Appeals, that the objections to the nonsuit and the motion by defendants for rendition of judgment on said verdict be and the same are hereby overruled; and it is further ordered, adjudged, and decreed, that the motion of plaintiff, H. V. Schintz, for a nonsuit be allowed, and that the plaintiff, H. V. Shintz, take nothing by his suit, and that the defendants, J. L. Hume and W. H. Tobin, go hence without date and recover of and from the plaintiff all costs in this behalf expended, for which let execution issue."  To which rulings and judgment the defendants in open court except, and give notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District.  The defendants, to save their points in brief and definite shape, filed their bill of exception.

"Appeal was perfected by bond, etc., and following assignments of error filed:

" '1. The court erred in its action in refusing to render final judgment on the verdict in this case on the malicious prosecution branch of the case, returned by the jury into open court on the trial of this case at the January term, 1896, as prayed by the defendants in their motion so to do; because said verdict was a legal verdict, whereupon these defendants were entitled to judgment.

" '2. The court erred in its judgment in granting the motion of plaintiff to nol. pros. this case over the objections of defendants, and in its judgment dismissing this case on the motion of plaintiff over the objections of defendants, because they had and have a vested right in and an affirmative right to all the benefits and advantages resting in and flowing from the verdict of the jury, returned into the court by the jury in this case on a trial thereof at the January term, 1896, of this court on the malicious prosecution branch of this case, which said verdict has never been set aside, modified or changed, but stands in full force and effect, from which plaintiff can not escape by a dismissal of his case.

" '3. The court erred as set out in defendants' only bill of exceptions, wherein is arraigned the action of the court in refusing to render judgment on the verdict mentioned in specifications of error 1 and 2, and also arraigning said action of said court in dismissing the case without prejudice to plaintiff, over the objection of defendants.'

"The verdict of the jury is as follows: 'We the jury find for plaintiff on the charge of false imprisonment, and assess the damages at four thousand ($4000) dollars actual damages, and one thousand ($1000) dollars exemplary damages, against defendants, W. H. Tobin and J. L. Hume. We acquit the defendants on the charge of malicious prosecution.' "

*Opinion.*—We do not believe any of the assignments of error are well taken. Having granted a new trial upon the issue of false imprisonment, both issues, of false imprisonment and malicious prosecution, were reinstated on the docket and were left untried. Schintz v. Morris, 35 S. W. Rep., 516, and authorities there cited; Long v. Garnett, 45 Texas, 401; Hulme v. Janes, 6 Texas, 242; Railway v. James, 73 Texas, 12; Wootters v. Kauffman, 67 Texas, 488; Parker v. Adams, 2 Texas Civ. App., 357.

After the new trial was granted it would have been erroneous to render judgment on that part of the verdict finding for defendants as to malicious prosecution, and retain the case on the false imprisonment branch of the case for determination by a future trial and judgment, as it would have necessitated two final judgments. The court below did not err in denying defendants' motion asking such a judgment. Rev. Stats. 1895, art. 1337. The article of the statute cited declares that "only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." There is no other provision of the statute which allows two final judgments in the same cause. There is another

provision of the statute which prescribes the rule of practice in the district courts in cases "where there are several defendants, some of whom have answered and others have made default," that "an interlocutory judgment by default may be entered against those who have not answered and the cause may proceed against the others; but," and the statute is peremptory in prescribing that, "only one final judgment shall be given in the suit." The courts of this State have uniformly upheld the rule prescribed by the statute of practice in the district courts. Railway v. James, 73 Texas, 12; Long & Berry v. Garnett, 45 Texas, 401; Hulme v. Janes, 6 Texas, 242; Linn v. Arambould, 55 Texas, 611; Wootters v. Kauffman, 67 Texas, 488; Parker v. Adams, 2 Texas Civ. App., 357; Schintz v. Morris, supra; Martin v. Crow, 28 Texas, 613.

In cases where there may be a severance and a severance of the parties is had, the cause is divided into as many cases as there are severances, and in such case judgments may be rendered at different times, but still there would be but one final judgment in each case. Boone v. Hulsey, 71 Texas, 184, and authorities cited. In the last case cited the court also ruled "that it is not improper mutually to sever defenses *after judgment*, and when justice demands it to grant a new trial as to some of the defendants and let judgment stand as to others."

In Hamilton v. Prescott, 73 Texas, 565, the same learned judge who delivered the opinion in the Hulsey case says: "Our statutes require that but one final judgment shall be rendered in any case. Hence it has been held, as a general rule, that when a judgment in a lower court has been set aside as to one defendant it is set aside as to all, whether the order so expressed or not." Citing Long v. Garnett and Martin v. Crow. The opinion proceeds: "In Boone v. Hulsey, 71 Texas, 176, the authorities were reviewed upon the question and an exception was recognized. The statute referred to is, however, applicable only to trial courts, and consequently in this court no very uniform rule has been recognized." The court then cites authorities for and against the practice in the Supreme Court reversing as to some and affirming as to other parties, and then: "We think the conclusion to be deduced from the apparently conflicting authorities is, that when *this* court finds error in the proceedings of the lower court as to any party to the judgment, and not as to another, and that a proper decision of the case as to one is not dependent upon the judgment as to the other, it will reverse in part and affirm in part. But where the rights of one party are dependent in any manner upon those of another it will treat the judgment as an entirety, and where a reversal is required as to one it will reverse the judgment as a whole."

The rule thus laid down is the rule of practice only in the Supreme Court and does not violate the statute of practice in the district or trial courts. The opinion makes the distinction. We note, in this connection, that the Hulsey case relates to severance and judgment as to parties, and not to issues which may be more or less dependent or related. But we believe the true rule of practice in the district courts is that but one final judgment, there being no severance, can be rendered in any cause,

and that a new trial as to one party or one issue is a new trial as to all parties and issues, or otherwise it would result that more than one final judgment could be had in the same cause. The attempt of the trial judge to hold up a verdict as to one branch of a case until return of a verdict that he would approve on another branch of the case is an anomaly unknown to our practice. The inconvenience of such practice is shown in the opinion of this court in the case of Schintz v. Morris. It is not provided for nor contemplated by the statute, and it should not be tolerated.

If the verdict could be carried over on one issue from time to time and from judge to judge, until final judgment on all the issues, it would not only cause an inconvenient hiatus between the verdict and final judgment, but such a hiatus between the verdict and an appeal, that appeal with a correct statement of facts could not be had.

Suppose the verdict as to part of a case should be held up by one judge as a part basis of final judgment, and new trial granted on another part of the verdict, and the trial judge should by the next term of the court be succeeded by another judge by whom final judgment on all the issues and verdicts should be rendered, and an appeal be taken, how could the last trial judge approve the statement of facts on the issues he had not heard? Or, in case of disagreement of counsel, how could he make up a full statement of facts and certify to the same? It would be impossible. And it is equally impossible to countenance a practice that would lead to such results. Our opinions and rulings in the case of Schintz v. Morris are, we believe, the law of this case, and settle every question raised as they should be settled. The court below was not in error in following the directions of this court in disposing of the case at bar. We find no error in the judgment of the court below, and it is affirmed.

*Affirmed.*