STATE et al. v. DAYTON LUMBER CO. et al.

(Court of Civil Appeals of Texas. Austin. Feb. 18, 1914.)

1. APPEAL AND ERROR (§ 1119*) — PARTIES — PERSONS AFFECTED.

A writ of error complaining of error in rendering judgment for defendants in error did not bring the case up as to those defendants who disclaimed, or as to whom plaintiffs in error dismissed, who are not complaining of the judgment, and whose title to the land in controversy was not connected with the title of defendants in error, where it does not appear that defendants in error upon another trial would be entitled to a judgment against any of the other defendants, or that any judgment on retrial might be less onerous on the de-

fendants in error if the other defendants were continued as parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3294, 3295, 4415, 4416; Dec. Dig. § 1119.*]

**2. APPEAL AND ERROR (§ 1173*)—DISPOSITION AS TO PARTIES NOT APPEALING.**

Notwithstanding Rev. St. 1911, art. 1997, providing that there shall be but one final judgment in any cause, except where otherwise provided by law, where, in trespass to try title, there are several defendants whose defenses are severable, the judgment against nonappealing defendants will be affirmed, though the judgment in favor of other defendants is reversed on plaintiffs' appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. § 1173.*]

**3. STATUTES (§ 212*) — PRESUMPTION IN ENACTMENT.**

Where the Legislature does not change a statute in enacting the Revised Statutes, it is presumed that it acquiesced in the construction of the statute by existing decisions of the appellate courts.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 289; Dec. Dig. § 212.*]

**4. APPEAL AND ERROR (§§ 361, 376*)—WRIT OF ERROR—ERROR.**

The petition for a writ of error must state the names of the parties adversely interested in the judgment, and such parties must be made obligees in the bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1941–1959, 2011–2016; Dec. Dig. §§ 361, 376.*]

Error to District Court, Travis County; Geo. Calhoun, Judge.

Action by the State of Texas and others against the Dayton Lumber Company and others. On motion to dismiss writ of error sued out by plaintiffs. Motion overruled.

B. F. Looney, Atty. Gen., G. B. Smedley, Asst. Atty. Gen., L. R. Bryan and L. B. Moody, both of Houston, N. A. Rector, and John W. Maddox, both of Austin, and Duval West, of San Antonio, for plaintiffs in error. Stevens & Stevens of Liberty, A. D. Stone, of Temple, Spell & Sanford, of Waco, Gregory, Batts & Brooks, of Austin, and Spann & Spann, of Temple, for defendants in error.

JENKINS, J. On January 29, 1913, we reversed and remanded this cause to the district court of Travis county, with instructions to transfer the same to the district court of Liberty county for trial, for the reason that the trial court erred in overruling the plea of privilege to be sued in Liberty county, filed by the defendants in error herein. 159 S. W. 391. On October 30, 1912, we had reversed the judgment of the court below, and rendered judgment for the plaintiffs in error. A great number of motions were filed in the case, among which was the motion of defendants in error to dismiss the writ of error for want of necessary parties in the petition and in the writ of error bond. This motion was filed December 11, 1912, and was overlooked by us, and no action was taken thereon. At the close of the term we entered an order, whereby all undisposed-of motions were carried over to the next term. Our attention has been called to this motion, and defendants in error have filed a supplemental motion to dismiss the writ of error for the same reasons set forth in the original motion. By reason of these facts the case is still pending in this court.

The only facts necessary to be considered in passing upon this motion are these: The plaintiffs in error brought suit of trespass to try title against the defendants in error and a number of other parties. As to such other parties the plaintiffs in error dismissed their suit against a number of them; took judgment upon disclaimer against some of them, and judgment by default against the remainder of them. None of these parties filed any plea of privilege; the court had jurisdiction of the subject-matter, and therefore had jurisdiction to render final judgment against them. None of them excepted to the judgment of the court, and none of them gave notice of appeal. Neither the plaintiffs in error nor the defendants in error objected to said judgments. No judgment for costs was rendered against either of said parties, and plaintiffs in error have paid all costs incurred in the court below.

After the judgments dismissing the case as to some of the defendants in the trial court, and by disclaimer and default against the others, as above stated, the case proceeded to trial upon its merits as between the plaintiffs in error and the defendants in error herein, and judgment was rendered in favor of the defendants in error for the land in controversy. From that judgment, the plaintiffs in error gave notice of appeal, and subsequently sued out the writ of error herein, naming in their petition all the defendants in the court below in whose favor judgment was rendered, and making all of them obligees in the writ of error bond, but not naming in said petition or bond any of the parties who had been dismissed from the suit, or against whom judgment upon disclaimer or by default had been rendered.

[1] In reversing and remanding this case, as above stated, it was not our purpose to disturb the judgment of the trial court as to the parties against whom the case was dismissed, or against whom judgment upon disclaimer or by default was rendered. No one was complaining of those judgments, and they were not before us for revision. Bringing this case to this court by writ of error, by reason of errors complained of as having been committed by the trial court in rendering judgment in favor of defendants in error, did not bring it here as to those who were not complaining, and whose title to the land, if any they had, does not appear to have been in any wise connected with the alleged title of defendants in error, and, it not appearing that the title of defendants in error

was in any wise connected with, or depended upon, the title of such other defendants, or any of them, nor that the defendants in error upon another trial could be entitled to a judgment of any character over against such other defendants, or either of them, nor that any judgment that might be rendered upon another trial might be less onerous on defendants in error, if such other parties were continued as parties to this suit.

[2] It is true that the statute provides that there shall be but one final judgment rendered in any cause, except where it is otherwise provided by law (R. S. art. 1997); and in Danner v. Walker-Smith, 154 S. W. 302, we reversed the case as to all of the joint obligors on the bond sued on, for the reason that one of such parties was entitled to such reversal, and all of said parties had appealed. But we further said: "It seems to be the general practice in the courts of civil appeals in this state, where the cause of action is severable, and some of the parties have not appealed, to affirm the judgment as against the parties not appealing. * * * The judgment as to them will be treated as a voluntary severance, and affirmed; the parties appealing not complaining of the judgment as against said parties."

[3] This, we think, is the correct practice in suits of trespass to try title, where there are several defendants, and their defenses are severable. It had been so held by the Supreme Court of this state prior to the enactment of the Revised Statutes of 1911, which is a re-enactment of the former statute on this subject (R. S. 1895, art. 1337). Boone v. Hulsey, 71 Tex. 183–185, 9 S. W. 531, and cases there cited. The Legislature is presumed to have known of these decisions, and, by not changing the statute in enacting the present revised statutes, to have acquiesced in such construction.

[4] The petition for a writ of error must state the names of the parties adversely interested, and such parties must be made obligees in the bond. In the instant case the only parties adversely interested were the defendants in error. They only were benefited by the judgment of the court below, and they only had an interest in maintaining said judgment, the reversal of which was sought by plaintiffs in error so far as it pertained to them, and no further. When this case is tried in Liberty county, in accordance with our decision herein, the defendants in error will be the only defendants, unless others shall be made parties by amendment.

In support of their contention defendants in error cite the case of Ferguson v. Land & Building Co., 154 S. W. 303. In that case the writ of error was dismissed because Wood, Hargrove & Strange were not made parties defendant in the petition for writ of error, nor obligees in the bond. This was held to be necessary, not because they were

defendants in the court below, but because they were interested adversely to Ferguson in upholding the judgment which Ferguson was seeking upon his writ of error to reverse. In the court below the Empire Life Insurance Company was also a party defendant, and Ferguson obtained a judgment against it for $928.22. The insurance company did not appeal from this judgment, and Ferguson did not seek to have it reversed on writ of error. There was no contention that the insurance company was a necessary party to the writ of error. An analysis of the other cases cited by defendants in error will show that they do not support their contention.

For the reasons stated, the motion to dismiss the writ of error is overruled.

Motion overruled.