BRACEWELL et al. v. BEEN, District Judge. (No. 542.)

Court of Civil Appeals of Texas. Eastland. Sept. 21, 1928.

Scott W. Key and Scott, Brelsford, McCarty & Brelsford, all of Eastland, for relators.

Chastain & Judkins, of Eastland, for respondent.

FUNDERBURK, J. ■ On June 18, 1928, the district court of Eastland county, in the Eighty-Eighth judicial district, rendered and

entered judgment in cause No. 12992, entitled Elizabeth Cunningham et ux. v. Charles Genoway et al. The judgment awarded a recovery in favor of plaintiffs against Roy Bracewell and Charles Genoway, jointly and severally, for the sum of $1,350 for damages for the conversion of certain oil well tools and equipment, and against the defendant Genoway alone for the sum of $150 for damages for the conversion of certain houses. Both defendants filed motions for new trial, and on the 28th day of June, 1928, the court made and entered its single order upon both motions, sustaining said motions in so far as they sought to have the judgment vacated and new trial granted as to the recovery in favor of plaintiffs against Charles Genoway of the said sum of $150, but refused and overruled said motions in so far as they sought to have the judgment set aside and a new trial granted as to the joint recovery against defendants of the said sum of $1,350. Thereafter, on August 24th, 1928, the defendants Bracewell and Genoway filed a motion to have the case set for trial, which on August 30, 1928, was heard by the court and overruled. A petition for writ of mandamus has been filed in this court, seeking to require the judge of the district court to proceed to a trial of said case. The ground upon which the writ is sought is that the vacation by the district court of its judgment in so far as it provided a recovery by the plaintiffs against the defendant Genoway of the sum of $150 destroyed the finality of the judgment, and entitled the relators to have the case disposed of by a new trial. There seems to be no controversy respecting the availability of the remedy of mandamus. Revised Statutes, art. 1824, very plainly provides that Courts of Civil Appeals have jurisdiction to issue a writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause. Unquestionably an occasion arises for employing the writ of mandamus if a judgment of the district court is rendered not final by an order vacating the judgment as to some of the parties or issues involved. Levy v. Gill (Tex. Civ. App.) 46 S. W. 84.

■ We have only to determine, then, whether or not the record discloses that the order on the motions for new trial did or did not render the judgment of the court not a final one. The pleadings of the district court are not before us as a part of the record. There is a presumption, however, that the judgment was rendered in response to proper pleading, and we deem it unnecessary to look to the pleadings. There appears no ambiguity or uncertainty in the provisions of the judgment.

On the face of the record the district court has certainly vacated its judgment as to a material issue in the case and as effecting one of the parties to the suit. It is statutory that there can be but one final judgment in a case. R. S. art. 2211.

■ The order on the motions for new trial does not provide a severance. It seems to contemplate a retrial of the case in so far as there is involved an issue between the plaintiffs and the defendant Genoway. If so, then the judgment is rendered interlocutory or there must necessarily be two judgments in the one case, contrary to the provisions of the statute. It is to conform to the statute that attempts such as this, to vacate in part a judgment, have been many times held to render a judgment interlocutory only, and not final. Long v. Garnett, 45 Tex. 401; Danner v. Walker-Smith Co. (Tex. Civ. App.) 154 S. W. 295; Wootters v. Kauffman, 67 Tex. 488, 3 S. W. 465; Hume v. Schintz, 16 Tex. Civ. App. 512, 40 S. W. 1067; Schintz v. Morris, 13 Tex. Civ. App. 580, 35 S. W. 516, 36 S. W. 292; Levy v. Gill (Tex. Civ. App.) 46 S. W. 84.

If in Boone v. Hulsey, 71 Tex. 176, 9 S. W. 531, the Supreme Court has attempted to declare an exception to the above rule, which we do not undertake here to determine, it is certain enough that the case before us does not come within such exception. The exception, if it exists, is confined to suits in trespass to try title, where the claim of each defendant is distinct from all others. Boone v. Hulsey, 71 Tex. 176, 9 S. W. 531; Louisiana & Texas Lbr. Co. v. Southern Pine Lbr. Co. (Tex. Civ. App.) 216 S. W. 281; State v. Dayton Lbr. Co. (Tex. Civ. App.) 164 S. W. 48.

Because we conceive it to be the duty of the district court to proceed to trial of this case, the petition for mandamus is granted, and the writ ordered to be issued.