## BIRD SAFFOLD AND OTHERS v. J. A. NAVARRO.

Where there are several defendants, one of whom is not served, and judgment is rendered against them all by default, from which all the defendants prosecuted a writ of Error, the judgment may be reformed, dismissing the suit as to the one not served, and affirming the judgment as to the others.

Error from Guadalupe. Suit by defendant in error against the plaintiff in error, on a joint and several promisory note. Judgment by default was rendered jointly against all the plaintiffs in error, to-wit: Bird Saffold, Wm. Saffold, and Sarah D. Herring. The record showed service, duly perfected, on Wm. Saffold and Sarah D. Herring. On the writ issued for Bird Saffold, the Sheriff made the following return, to-wit:

"Came to hand the 24th day of April, 1855, and executed "the same day by personally serving the defendant, Wm. Saf-"fold, with a copy of the within writ, and a copy of petition.
                   " T. D. SPAIN, Sheriff," etc.

*J. J. Thornton*, for plaintiff in error. When a Sheriff's return is insufficient, and a judgment goes by default, the judgment is erroneous and will be reversed on error, although the entry of the judgment recite that the defendant was legally served. (Roberts v. Stockslager, 4 Tex. R. 307 ; 4 Id. 49 ; 2 Id. 422.)

The obligation of plaintiffs in error is joint and several, and the judgment cannot be re-formed and remanded against the two parties served with process. Their promise is that one or all will pay ; not that any two of them will pay. " If three " or more bind themselves jointly and severally, the obligee "cannot sue two of them only, jointly. (1 Chitty Pl. 49 ; Ba-"con's Abr., Tit. D. 4.)

Saffold v. Navarro.

*J. Dennison*, for defendant in error, asked that the judgment be re-formed, dismissing the suit as to Bird Saffold, and affirming the judgment against the others.

WHEELER, J. It was the right of the plaintiff in the Court below, to dismiss as to the defendant not served, and take judgment against his co-defendants, who were served with process. (Hart. Dig., Art. 704.) Having erroneously taken judgment against the defendant not served, no reason is perceived why the defendant in error may not confess errors and have the case dismissed as to him, without affecting the judgment as to the other defendants. They cannot have been prejudiced by the rendition of judgment against their co-defendant; and the error is not one of which they can complain. The judgment will be reversed and the cause dismissed, as to the defendant and plaintiff in error, Bird Saffold, at the cost of the defendand in error, and affirmed as to the other defendants.

Judgment re-formed.