## M. M. MARTIN v. SANFORD CROW.

Suit against three joint makers of a promissory note, judgment by default, and execution ordered against two of them, with an addition at the foot of the judgment that "this cause is continued for service" on the other defendant: *Held*, that the judgment cannot be considered as final, but as interlocutory only, and as still subject to the control of the court below. (Paschal's Dig., Art. 1476, Note 572.)

Until a final judgment in the court below, the Supreme Court can obtain no jurisdiction of a cause. When the whole of the matter in controversy has been disposed of in the court below as to all the parties to the suit, then, and not before, is there a final judgment, from which an appeal or writ of error can be taken. (Paschal's Dig., Art. 1476, Note 572.)

If, however, the merits of the controversy, as to all the parties, have been adjudicated or disposed of in the court below, and the cause is continued merely for the adoption of proceedings to carry out the decree rendered as to all of the parties before the court, it will be a final judgment, from which an appeal may be taken. (4 Tex., 200, cited by the court; Paschal's Dig., Art. 1476, Note 572.)

The 47th section of the act of 13th May, 1846, to regulate proceedings in the district courts, reads as follows: " Where there are several defendants in a suit, and some of them appear and answer, and others make default, an interlocutory judgment by default may be entered against those who do not answer, and the cause may proceed against the others; but only one final judgment shall be given in the suit." (Paschal's Dig., Art. 1450, Note 555.)

There should be but one final judgment in a cause, from which an appeal or writ of error can be taken.

The cases of Saffold v. Navarro, 15 Tex., 76, and Chandler v. Tanner, 20 Id., 1, referred to and distinguished from this case.

ERROR from Collin. The case was tried before A. BERRY, Esq., special judge, agreed upon by the parties.

So far as the facts of this case have any relation to the rulings, they are fully stated in the opinion of the court.

*Brown & Breedlove*, for plaintiff in error.

*Sanford Crow*, defendant in error, for himself, cited 15 Tex., 76; Id., 124; and 20 Tex., 1.

SMITH, J.—This suit was instituted by Crow against three parties, A. H. Martin, M. M. Martin, and L. M. Martin. On the 8th February, 1861, judgment by default was rendered against M. M. and L. M. Martin for $135 94, with interest and costs, and execution ordered to issue, with this addition at the foot of the judgment, to wit: "And that this cause is continued for service on the defendant, A. H. Martin."

Until a final judgment is rendered in the court below, this court has no jurisdiction of the cause. When the whole of the matter in controversy is finally disposed of

as to all the parties, then there is a final judgment, and not before, from which an appeal or writ of error can be taken.

If the merits of the controversy as to all the parties be adjudicated or disposed of, and the cause only continued for the adoption of proceedings to carry out the decree made as to all the parties before the court, it will be a final judgment that can be appealed from. (4 Tex., 200, and authorities there cited.)

In this cause there is no adjudication or final disposition at all as to the rights or liabilities of the defendant, A. H. Martin. He is not dismissed from the suit, nor is it abated as to him, but the "cause" is expressly "continued for service on him." The District Court, by its own order, expressly retains control over the cause in order to settle the rights and liabilities of the defendant, A. H. Martin; and the anomalous condition of a cause in the District and Supreme Courts at the same time is presented in this case, and we have no information of what has been done on it in the District Court since it has been in this court.

The judgment rendered in the cause against M. M. and L. M. Martin can only be held as interlocutory, and yet subject to the action and control of the District Court.

There should be but one final judgment in a cause (O. & W. Dig., Art. 501; Paschal's Dig., Art. 1450, Note 555) from which an appeal or writ of error can be taken, otherwise there might be as many final judgments and appeals in this same cause as there are defendants.

This cause is not similar to those of Saffold v. Navarro, 15 Tex., 76; Chandler v. Tanner, 20 Tex., 1. In those cases judgment by default had been rendered against parties not served with process, from which judgments, appeals, and writs of errors could be taken. They were final as to all the parties to them, and this court had jurisdiction to consider of and revise the action of the District Court, and

could properly correct the error by permitting the plaintiff below to abate as to those not served, and render here such a judgment as should have been rendered in the court below. There this court had jurisdiction over the judgment rendered below and the parties to it. But in the cause now before us it is quite different; there has been no judgment rendered in the District Court as to A. H. Martin, and the cause was continued in that court for service on him. We can only revise the judgment that may be rendered as to him, and there being none, he and his case are not subject to the jurisdiction or control of this court.

There being no final judgment in the court below from which the writ of error could be sued out, the cause is dismissed at the cost of the plaintiff in error.

DISMISSED.