## Benjamin F. McDonough v. Marina Tutt.

The obligee or assignee of any bond or written instrument may transfer to another, by written assignment, all his interest in the same, and, in order to hold the assignor liable, the assignee must use due diligence to collect the same. (Paschal's Dig., Art. 222, Note 285.) An account which had been allowed by an administrator, and approved by the chief justice, is a *quasi* judgment, and assignable within the meaning of this act.

ERROR from Rusk. The case was tried before Hon. J. B. WILLIAMSON, one of the district judges.

On the 8th day of February, 1860, Richard B. Tutt probated an account against the estate of J. T. Likens for $456 03. The account was on that day allowed by J. B. Likens, administrator of the estate of J. T. Likens, and on the 13th of February, 1860, approved by the chief justice. On the probated account R. B. Tutt made the following transfer :

"For value received I transfer the within claim to B. F. McDonough, and waive necessity of suit. March 2, 1860.
                                        "R. B. TUTT."

On the 31st of July, 1861, B. F. McDonough brought suit on the above claim in the district court of Rusk county against R. B. Tutt, and after the usual averments in the petition it was alleged that the estate of J. T. Likens was

wholly insolvent.  Service was had on R. B. Tutt July 31, 1861, and the case was revived against Marina Tutt, who was acting under the community law, she being his surviving wife.  She filed a general demurrer and a general denial.  The exceptions of the defendant were sustained, with leave to the plaintiff to amend.  He filed the following amendment:

"The plaintiff, by his attorneys, leave of the court being obtained, says, that on the 2d day of March, 1860, he purchased from the defendant, R. B. Tutt, the claim set out in his original petition for a valuable consideration, and he is now the holder and owner of said claim; and the said defendant bound himself, by his writing on said claim, and by said writing undertook and promised, to pay to your petitioner the sum of money mentioned in said claim, and plaintiff makes said claim a part of this petition, and is herewith filed."  The exceptions were still sustained, and judgment final rendered, that the plaintiff take nothing, &c.

*Morris & Casey*, for plaintiff in error.—There can be no doubt that a chose in action may be assigned. (Story's Eq. Jur., § 1040.)

In Merlin v. Manning, 2 Tex., 351, it was held, (and in repeated decisions since that case the same principle has been maintained,) that "the party having the equitable title to a cause of action may sue thereon in his own name, though the legal title be in another.  *  *  It follows, therefore, that the plaintiff, having purchased and become the equitable owner of the account sued on, might well maintain the action in his own name."

And see O. & W. Dig., arts. 88, 89: "The obligee or assignee of any bond or other written instrument may transfer to another, by assignment, all the interest which he may have in the same."

No brief for the defendant in error has been furnished to the *Reporter*.

MORRILL, C. J.—Suit by plaintiff in error against the assignor of an account for $456 03 against an estate of a deceased partner, which had been allowed by the administrator of the estate and approved by the chief justice.

The defendant excepted to the sufficiency of the plaintiff's petition, and the district court sustained the exceptions. Article 222, Paschal's Digest, provides, that the obligee or assignee of any bond or written instrument may transfer to another by assignment all the interest which he may have in the same   *   *   *   , and in order to hold the assignor liable, &c., the assignee shall use due diligence to collect the same.

The instrument sued on was, in its legal effect, an accepted bill at least, or perhaps it would more properly resemble a judgment.   But, whatever it may be in some respects, it was a "written instrument," and such a written instrument as could be transferred to another by assignment, and also such an instrument as would hold the assignor liable as surety for the payment of the same, provided the assignee should use due diligence to collect it. And there can be no doubt that the indorser considered himself bound as indorser, since in indorsing it he waived the necessity of suit.   The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.