## LONG & BERRY *v.* J. R. GARNETT ET AL.

1. FINAL JUDGMENT.—A judgment was rendered against several defendants, sued on a promissory note, and a new trial as to part of the defendants was granted: *Held*, That the legal effect of such an order was to so far vacate the entire judgment as to render the issuance of execution thereon invalid; nor is such a judgment final, from which an appeal can be taken.
2. SAME.—Under the statute, only one final judgment can be rendered in a case, and that judgment is not divisible.

ERROR from Lamar. Tried below before the Hon. John C. Easton.

Garnett brought suit on a promissory note signed "Long, Berry & McBath," a firm, against Samuel Long, C. B. Berry, Edward Long, and J. N. McBath, alleged to be the members of the firm.

Edward Long and McBath pleaded *non est factum*, and, on trial, a verdict was returned and judgment rendered thereon against all the defendants.

A motion for a new trial was granted to Edward Long and McBath; the court, however, in granting the motion, ordered and adjudged that the judgment, as to Samuel Long and Berry, should remain in full force, and execution to issue.

Samuel Long and Berry prosecuted a writ of error.

Edward Long and McBath filed a motion to dismiss for want of a final judgment.

*Hale & Scott*, for motion to dismiss, cited, Crunk *v.* Crunk, 23 Tex., 604; Wampler *v.* Walker, 28 Tex., 598; Martin *v.*

Crow, 28 Tex., 614; Simpson v. Bennett, 42 Tex., 241; Paschal's Dig., 1490; Freeman on Judg., secs. 28–34.

*W. B. Wright,* for appellants, cited Freeman on Judgments, secs. 231, 332; Claiborne v. Tanner, 18 Tex., 78; Hulme v. Janes, 6 Tex., 242.

*Maxey, Lightfoot & Gill,* for appellee, Garnett.

GOULD, ASSOCIATE JUSTICE.—This suit was brought by Garnett on a note purporting to be executed by the firm of Long, Berry & McBath; the plaintiffs in error and Edward Long and James McBath being made defendants, as constituting the partnership. The two defendants plead *non est factum,* the other two making no defense, but claiming that their codefendants were also liable. There was a verdict and judgment against all of the defendants, but, on motion of the two pleading *non est factum,* the court granted a new trial as to them, but at the same time directed that the judgment remain in full force as to Samuel Long and Charles Berry, and that execution issue against them. They have sued out a writ of error, making defendants of Garnett and their two codefendants, to whom a new trial was granted, and the latter now move to dismiss because there is no final judgment. There is evidently no such judgment as will support an appeal, and the motion to dismiss must be sustained. (Martin v. Crow, 28 Tex., 614.)

In dismissing the case, it is deemed proper to say that we regard the legal effect of the order of the court granting a a new trial as to two of the parties, to be, to so far vacate the entire judgment as to render the issuance of execution thereon unauthorized. Under the statute there is only one final judgment to be rendered in a case, and that judgment is not divisible. (Hulme v. Janes, 6 Tex., 242.)

DISMISSED.

April 17, 1876, the members of the court, under the operation of the new Constitution, went out of office.

April 18, under the Constitution of 1875, the Term continued. The judges elected under the new Constitution and constituting the court are—

Hon. ORAN M. ROBERTS, Chief Justice;
Hon. GEORGE F. MOORE, Associate Justice;
Hon. ROBERT S. GOULD, Associate Justice.