## ANN D. MAYS vs. L. R. COCKRUM ET AL.

SUPREME COURT, AUSTIN TERM, 1882.

*Surety—Liability of estate of surety in a joint obligation after his death.*— When a surety in a *joint* undertaking dies, his estate is as liable as if the obligation had been *joint* and *several.*

Error from Guadalupe county.—This suit was filed October 30, 1871, by plaintiff in error, against L. R. Cockrum and John C. Sheffield, upon a note for $513.14, dated July 28, 1866, due at ninety days, with interest at 12 per cent per annum. The note was signed by Cockrum & Co. (the firm consisting of W. W. Cockrum, since deceased, L. R. Cockrum and J. C. Sheffield, the latter two being sureties.) It was made payable to W. V. Mays, and by him endorsed to plaintiff without recourse, the endorsement being made without date.

December 30, 1873, defendants answered by plea of payment, setting out payments at different dates, running from February 1 to April 6, 1867, the payments being made to W. V. Mays, the payee of the note.

December 8, 1873, the death of defendant Sheffield suggested, and the cause continued.

December 8, 1874, Susan Sheffield, administratrix of John C. Sheffield, made herself a party, and answered that the note in suit was a joint note, and not several; that her intestate signed the note as security only; that he did not participate in or receive any benefit whatever from the consideration for which the note was given; that he was not indebted to the payee of the note or the plaintiff, otherwise than as evidenced by that note; that he had died since the execution of the note, and thereby his estate was discharged from all obligations to pay it.

December 19, 1874, the cause was tried by the court, and judgment rendered against defendant L. R. Cockrum for $164.25 specie. It was further adjudged that of the estate of J. C. Sheffield plaintiff take nothing.

Plaintiff brings up the case by writ of error, and assigns for error:

1. The payment was too small.
2. Error in discharging the estate of Sheffield from the debt.

Opinion by Delaney, J.—The only question in this case is whether the court erred in rendering judgment in favor of the administratrix of Sheffield.

This is assigned as error, but counsel for the plaintiff in error refers us to no authorities, and so far as we are aware the question has not heretofore been presented to our courts of last resort.

Counsel for defendant in error puts the case thus: " When a *mere security* in a *joint* undertaking dies, his estate, both at law and in equity, is absolved from the obligation, and the creditor must look to the other joint makers." And to this he cites a number of the highest authorities which fully sustain the proposition. (See 1 Story Equity Juris., secs. 162–4; Brandt on Suretyships, sec. 117; 9 Howard U. S., 90; 15 Wal., 140; 49 N. Y., 385; 2 Daniels' Neg. Notes, sec. 1298.)

The doctrine proceeds upon the theory, that when one of two obligors dies, the death of one, at common law, relieves his estate, and the obligation survives to the survivor. When, however, the two obligors have both received the benefit of the consideration for which the bond or note was given, equity will treat the obligation as joint and several, and will hold the estate of the deceased obligor bound. But the mere surety has received no part of the benefit; he is under no moral obligation to pay. He is bound only so far as the law binds him, and as the law discharges his estate after his death, equity finding no moral duty upon which it can raise an obligation to pay, discharges his estate also.

The courts of the United States, and of many States, have carried this doctrine to this extent, that when two persons gave a joint and several bond, one being surety, and the obligee took a joint judgment against both, he could not, after the death of the surety, enforce the judgment against his estate. (See 9 Howard U. S. R., 90.)

The courts of South Carolina have not followed this rule, but have held the estate of the surety liable, as if the obligation had been joint and several. (See Smith vs. Martin, 4 Desaussure, 149.)

And although we have few or no decisions on the subject, the rule as laid down in South Carolina, seems to have been followed in this State.

The fifth section of the act of February 5, 1840, is in these words: " That the representative of one jointly bound with another, for the payment of a debt, or for the performance or forbearance of any act, or for any other thing, and dying in the life time of the latter, may be charged by virtue of such obligation in the same manner as such representative might have been charged

if the obligators had been bound severally as well as jointly." (Hartley, art. 635, O. and W., art. 1594.)

We conclude that there is error in the judgment, for which it should be reversed and the cause remanded.

Report of Commissioners of Appeals examined, their opinion adopted and the judgment reversed and the cause remanded.— GOULD, C. J.