**UNITED STATES FIDELITY & GUARANTY CO. v. RICHEY et al.   (No. 3617.)**

Court of Civil Appeals of Texas.   Texarkana.
May 16, 1929.

Rehearing Denied May 23, 1929.

Bartlett & Newland, of Linden, and King, Mahaffey & Wheeler, and Everett Bryson, all of Texarkana, for appellant.

O'Neal & Harper and O'Neal & Harvey, all of Atlanta, for appellees.

HODGES, J. On October 8, 1925, the Milne Lumber Company, a private corporation, recovered a judgment against T. R. Richey and R. K. Coke in the circuit court of the city of St. Louis, Mo., for the sum of $3,542. In February, 1928, the appellant, claiming to be an assignee from the Milne Lumber Company, filed suit on that judgment against Richey and Coke in the district court of Cass county. The case was tried by the court without a jury, and a judgment rendered in favor of the defendants, Richey and Coke. The record of the Missouri judgment contains the pleadings of the parties. From these it appears that the suit was for the breach of a contract. The petition alleged that in November, 1919, the defendants were partners engaged in the lumber business under the name of T. R. Richey Lumber Company, and were nonresidents of the state of Missouri. An attachment was sought and obtained against the property of the defendants situated in that state. Some time before trial an answer was filed by attorneys purporting to represent both defendants. In addition to a general denial, the answer specially alleged a misunderstanding as to the agreement upon which the plaintiff's cause of action was based. A trial resulted in the following judgment:

"And at the said October Term, 1925, of said Court, the following further proceedings were had in said cause, to-wit:

"Thursday, October 8th, 1925.

"Milne Lumber Company v. T. R. Richey and R. K. Coke. 44822-B.

"'Now at this day come again the parties hereto by their respective attorneys, comes also again the jury heretofore sworn and impaneled herein; thereupon the trial of this cause is resumed and progressed, and being terminated, the jurors aforesaid, upon their oaths as aforesaid, say: .'We, the jury in the above cause, find in favor of the plaintiff, on the issues herein joined, and assess plaintiff's damages at the sum of Twenty-eight hundred dollars, 00/100 Dollars, with interest thereon at six per cent. per annum from May 10th, 1921, amounting to $742.00, aggregating $3542.-00 dollars. Wm. M. Morgens, Foreman; Arthur E. Pahl, Frank North, Gustave H. Gruetzemacher, Edward J. Coff, Hy. Brockhoff, R. H. Stephens, A. L. Knoll, Julius H. Oetting, R. E. Wilson;' and the jury being polled, ten of the jurors as having signed and returned said verdict say they concur therein, but the remaining two jurors, Robt. Barrell and Louis Manawal, say they do not concur in said verdict.

"Wherefore, it is considered and adjudged by the Court that the plaintiff have and recover of the defendants the aggregate sum of Three Thousand Five Hundred Forty-two Dollars ($3542.00) together with the costs of this suit, and have therefor execution.

"Verdict and instructions filed."

An appeal was then prosecuted to the St. Louis Court of Appeals, but was dismissed by that court on November 10, 1927, for failure to comply with some of the rules of procedure.

The record also contains the following assignment of the judgment to the appellant in this suit:

"Hazel B. English, Clerk, St. Louis Court of Appeals.

"And afterwards, to-wit: on the 13th day of January, 1928, the judgment rendered in said cause October 8th, 1925, was assigned by the plaintiff to the United States Fidelity & Guaranty Company, which assignment being attached to the margin of the record containing said judgment is in words and figures, as follows, to-wit: .

"State of Missouri, City of St. Louis,—ss.:

"In the Circuit Court, City of St. Louis, Missouri "December Term, 1927.

"Milne Lumber Company, a Corp., Plaintiff, v. T. R. Richey and R. K. Coke, Defendants. No. Div. #

"Assignment of Judgment

"Know all men by these presents that the Milne Lumber Company, a corporation, in consideration of the sum of Four Thousand and Five ($4005) Dollars to it paid by the United States Fidelity and Guaranty Company, a corporation, the receipt whereof is hereby acknowledged, does hereby sell, assign and transfer to the said United States Fidelity and Guaranty Company that certain judgment recovered by the said Milne Lumber Company, rendered on the 8th day of October, 1925, in the Circuit Court of the City of St. Louis, State of Missouri, against T. R. Richey and R. K. Coke, as by the records thereof more fully appears, and any and all sum or sums of money or other benefit or advantage which may be had or obtained by reason of said judgment.

"In witness whereof, the Milne Lumber Company had hereunto set its hand this 13th day of January, 1928.

"Milne Lumber Company,

"By Roscoe Anderson, Atty.

"Attest 1/13/28. John Schmoll, Clerk."

In the trial from which this appeal is prosecuted Richey and Coke filed separate answers. Coke pleaded in abatement that he was a nonresident of the state of Missouri at the time that suit was filed and tried; that he had never been served with any process, had no notice of the suit till long after the judgment was rendered, and had never filed any answer in the case or authorized any one to appear and answer for him. He also alleged that he was not a member of the part-

nership known as the T. R. Richey Lumber Company at the time the alleged contract for the sale of the lumber was made, or at the time the cause of action arose; that he had withdrawn from that partnership long prior to those dates. For the reasons stated he claimed that the Missouri judgment was void as to him.

In addition to a general demurrer and general denial, Richey pleaded that the appellant was not the true owner of the judgment sued on and had no right of action thereon; that the Missouri court had no jurisdiction over the person of either of the defendants, and for that reason its judgment was void. He also attacked the judgment as void upon its face because based upon the verdict of only 10 of the 12 jurors. There was no special denial by Richey of his appearance in the Missouri court as indicated by the answer filed.

Coke testified to the facts alleged in his special plea denying the jurisdiction of the Missouri court over his person. Upon that testimony and the facts disclosed by the record of the Missouri judgment the court found, in substance, the following facts: (1) That the proof was insufficient to establish a transfer of the Missouri judgment from the Milne Lumber Company to the appellant, there being no evidence that Roscoe Anderson, by whom the transfer was executed, had authority to sign the name of the Milne Lumber Company to the assignment. (2) That Coke had never been served with process of any kind in the suit in Missouri, had no notice of the pendency of that suit, and had never authorized any person to enter his appearance therein or to file an answer for him. (3) That the Missouri judgment was void on its face because based on the verdict of only ten jurors. He further concluded that since the judgment was rendered jointly against Coke and Richey and was void as to Coke for lack of jurisdiction over his person, it was unenforceable against Richey. Upon those conclusions, and others not necessary to here mention, he rendered judgment in favor of both defendants.

All of the findings and conclusions of the trial court are attacked in this appeal, but we shall discuss only those assignments which we think present the more important questions.

■■ That Coke had a right to attack the Missouri judgment upon the ground that it was rendered without jurisdiction over his person is now too well settled to require discussion. National Exchange Bank v. Wiley, 195 U. S. 257, 25 S. Ct. 70, 49 L. Ed. 184; Norwood v. Cobb, 15 Tex. 500; Walker v. Chatterton (Tex. Com. App.) 222 S. W. 1100; 2 Black on Judgments, § 835. The court correctly held that the Missouri judgment was void as to Coke.

■ However, we think the court erred in holding that the evidence was insufficient to prove the validity of the transfer of the judgment to the appellant. Article 2010 of the Revised Civil Statutes of 1925 provides: "An answer setting up any of the 'foregoing' matters, unless the truth of the pleadings appear of record, shall be verified by affidavit. * * * 9. A plea denying the genuineness of the endorsement or assignment of a written instrument as required by article 573." Article 573 is as follows: "When suit is brought by an assignee or indorsee of a written instrument, the assignment or indorsement thereof shall be held as fully proved, unless the defendant shall file with the papers in the cause an affidavit stating that he has good cause to believe and does believe that such assignment or indorsement is forged." No such affidavit, or verified plea, was filed in this proceeding, and the record of the assignment was admitted in evidence without objection. If the above statutory provision is applicable to assignments of judgment, the failure to file such an affidavit or verified plea rendered it unnecessary for the appellant, in making out a prima facie case, to do more than offer the record of the Missouri judgment which contained a certified copy of the transfer. A judgment is a liquidated demand, the written evidence of a debt, no matter how the liability of the debtor arose or what the nature of the creditor's demand may have been. It is a written instrument within the meaning of article 573. McDonough v. Tutt, 31 Tex. 199; McCormick v. National Bank of Commerce (Tex. Civ. App.) 106 S. W. 747; McCormick v. Rainey et al., 101 Tex. 320, 107 S. W. 45; Abeel v. Weil, 115 Tex. 490, 283 S. W. 769.

■ We are also of the opinion that the court erred in concluding that the Missouri judgment was void because it appeared to have been based upon the verdict of only ten of the twelve jurors impaneled to try the case. The record indicates that the Missouri court was a court of general jurisdiction. We must therefore presume, in the absence of evidence to the contrary, that it had jurisdiction over the subject-matter and acted within its powers in rendering a judgment on the verdict of ten jurors.

The foregoing is a part of what was written in the original disposition of this appeal, and was followed by an affirmance of the judgment of the trial court in favor of both of the defendants upon the ground that the Missouri judgment was indivisible and should in this proceeding be treated as an entirety; that if it was void as to Coke it was unenforceable as to Richey, the other defendant. As supporting that conclusion the following cases were cited: Hulme v. Janes. 6 Tex. 242, 55 Am. Dec. 774; Long v. Garnett, 45 Tex. 400; Linn v. Arambould, 55 Tex. 611; Wootters v. Kauffman, 67 Tex. 488, 3 S. W. 465; Whitaker v. Gee, 61 Tex. 217; Nalle v. Harrell (Tex. Com. App.) 12 S.W. (2d) 550. However upon further considera-

234

tion we have concluded that the ruling was erroneous and that appellant's motion for a rehearing should be granted, in part at least.

■■ Under the law requiring us to give full faith and credit to the judgments of other states (Const. U. S. art. 4, § 1), the validity of the Missouri judgment must be determined by the laws of Missouri. If such a judgment could have been enforced in that state against Richey notwithstanding its invalidity as to Coke, the other defendant, then it must be given that effect in this state. Hanley v. Donoghue, 116 U. S. 1, 6 S. Ct. 242, 29 L. Ed. 535. Since there is in the record no evidence of what the laws of Missouri are on that subject, we must presume that they are the same as the laws of this state. The question then is: Under our law could that judgment be enforced against Richey although held void as to Coke? Or should it be treated as an entirety, as was done by the trial court?

■■ The first inquiry should be into the nature of the judgment sued on: Is it joint, or joint and several? It provides that the plaintiff do have and recover of the defendants (T. R. Richey and R. K. Coke) "the aggregate sum of $3,542.00," etc. The character of a judgment couched in such terms as the above may be determined by recourse to the pleadings upon which the judgment is based. Smith v. Chenault, 48 Tex. 455; Blumenthal v. Youngblood, 24 Tex. Civ. App. 266, 59 S. W. 290; 11 Ency. Plead. & Prac. 952. The record shows that the suit filed in the Missouri court was styled "Milne Lumber Company, Plaintiff, v. T. R. Richey and R. K. Coke, Defendants." The petition alleges that the "defendants were at all times partners engaged in the lumber business under the name of T. R. Richey Lumber Mills, and that said defendants were nonresidents of the State of Missouri and could not be served with process in that state as provided by law." For cause of action it is alleged, in substance, that in November, 1919, the plaintiff ordered from the defendants 400,000 feet of lumber for which it was to pay $39 per thousand for certain grades and $37 per thousand for other grades, and that this order was accepted; that the defendants failed and refused to deliver the lumber, to the plaintiff's damage in the aggregate sum of $3,000. The petition concludes with this prayer: "Wherefore plaintiff prays judgment against the defendants for the sum of $3000.00, and for its costs," signed by attorneys for plaintiff. The record also shows that an appropriate affidavit was made for the purpose of securing an attachment to be levied on the lands and other property of T. R. Richey and R. K. Coke situated in the state of Missouri. Some time later the following answer was filed: "Now come the defendants herein and enter their appearance in this cause, and for answer to the plaintiff's petition filed herein defendants deny each and every allegation therein contained," signed "Wilson & Trueblood, Attorneys for the Defendants." Still later an amended answer was filed, which begins: "Come now the defendants herein, and by leave of the court file this their amended answer; and in answer to the plaintiff's petition the defendants deny each and every allegation therein contained," etc. Then follows defensive matter which need not be mentioned. This amended answer was signed by the same attorneys. It appears that throughout their amended and original answers the plural form "defendants" was used. It is thus apparent from the record that the suit was against T. R. Richey and R. K. Coke upon a cause of action wherein they were jointly and severally liable. Either of them might have been sued alone for the entire damages claimed. Miller v. Sullivan, 89 Tex. 480, 35 S. W. 362; Bute v. Brainerd, 93 Tex. 137, 53 S. W. 1017; Mays v. Cockrum, 57 Tex. 352. Our statute makes partners jointly and severally liable on partnership contracts. Article 2223 provides: "Where the suit is against several partners jointly indebted upon a contract, and the citation has been served upon some of such partners but not upon all, judgment may be rendered therein against such partnership and against the partners actually served, but no personal judgment or execution shall be awarded against those not served." We must presume that the same law prevails in the state of Missouri. In the light of the cause of action stated in the original petition filed in the Missouri court and the language of the judgment that followed, the judgment must be construed as one which authorized the issuance of execution against the individual property of each of the defendants. In legal effect it was joint and several. In his work on Judgments, Mr. Black, vol. 1, § 210, says: "But although a judgment be rendered against two parties jointly, yet it must be remarked that the judgment itself is a joint and several obligation, and consequently an action can be maintained upon it against either of the judgment debtors separately, and it can in like manner be used as a set-off against either."

The decisions which were referred to in the original disposition of this appeal as supporting the proposition that a judgment against two or more defendants should be treated as entire and indivisible, and if void as to one defendant void as to all, were upon appeals from the judgments of domestic trial courts rendered in controversies which originated in this state. The appellate courts were merely reviewing the record for the purpose of correcting errors in suits based upon causes of action which had not theretofore been reduced to judgment. In no instance was the validity of a foreign judgment involved. The rulings in those cases were evidently controlled by article 2211 of the Revised Civil Statutes 1925, which provides that only one final judgment shall be rendered in any case, except

where it is otherwise specially provided by law; and by article 2155, which prescribes the procedure where there are several defendants, some of whom have answered and some have not. The purpose of those regulations was to require trial courts to dispose of all the parties and issues in one final adjudication upon the subject-matter then before the court. Durham v. Scrivener (Tex. Com. App.) 270 S. W. 161, Hamilton v. Prescott, 73 Tex. 566, 11 S. W. 548. It matters not what the cause of action may be, whether a judgment of another state, or a claim of some character not previously reduced to a judgment; the statute requires that all the parties and issues involved shall be disposed of in the final judgment rendered in the case. Such finality is necessary to clothe the appellate court with jurisdiction to review the case on its merits. Where the judgment is final upon its face, but erroneous, the appellate court may take jurisdiction and render such judgment as the trial court should have rendered. Saffold et al. v. Navarro, 15 Tex. 76; Chandler et al. v. Tanner et al., 20 Tex. 1; Martin v. Crow, 28 Tex. 614.

The cause of action in this case is the judgment of another state, and is valid upon its face. The record shows that it was based upon a claim which asserted a joint and several liability. The judgment which followed was merely a judicial declaration of the liability of the parties against whom that claim was prosecuted. If either of the defendants might have been sued alone upon that claim, then for the same reason either might have been sued alone on the judgment into which the claim was merged. If that were not so a foreign judgment against several defendants could not be enforced where, after the rendition of the judgment, the defendants resided in different states. Varn v. Arnold Hat Co. (Tex. Civ. App.) 124 S. W. 693, and cases referred to. If either might have been sued alone, it is because their liability is several. Richey can claim no immunity in this proceeding merely upon a showing that the Missouri court had no jurisdiction over the person of Coke. That court had jurisdiction over Richey, and that was sufficient to authorize the rendition of a valid judgment against him.

The policy of treating a judgment against several defendants who may be sued either separately or collectively as an entirety under all conditions is based upon a technical rule of the common law which cannot be defended by sound reason or upon the demands of justice. In several of the states, perhaps a majority, that rule has never been adopted, or if adopted is no longer observed. In his work on Judgments, Mr. Freeman says: "At a comparatively early day in American jurisprudence a dictum was pronounced to the effect that if a judgment is void as against one of the parties it is void as against all. This dictum was founded upon an early New York case declaring that on certiorari a judgment must be affirmed or reversed as a whole. That in many cases a judgment against two or more must be wholly reversed or vacated because void or erroneous as to one only of them, is true; but whether it is wholly void, if neither reversed nor vacated is an entirely different question. Upon what principle can a defendant before the court claim its judgment to be void as against him, when the court had jurisdiction over him and over the subject-matter, and he chooses to take no measures to correct the error? Generally, the courts following the dictum mentioned above have contented themselves with citing it as their authority; but so many of them have followed it, that it was at one time very doubtful whether it was not sustained by the majority of the adjudications upon the subject. We think this doubt no longer exists, and that the decided preponderance of authorities maintains that a judgment against two or more is not void as against those of whom the court had jurisdiction, though void as against others." Another eminent authority, after discussing the contrariety of opinions expressed by the different courts of the country, has this to say: "It will be obvious from the foregoing review of the authorities that the cases on this topic cannot be reconciled. But it will also appear that some of the courts holding the entire invalidity of a joint judgment, which is void as to one defendant, have been forced to an extreme length in the matter by the highly technical conception of such a judgment as an ideal entirety. Sound legal reason appears to suggest that while such a judgment is undoubtedly erroneous and liable to be reversed on appeal, yet, while unreversed, it ought not to be open to impeachment, by the debtor as to whom no irregularity exists, in any collateral proceeding. It also seems consonant to justice that judgments of this character should not be vacated or set aside on the application of the party legally bound because, presumably, it is the other only who has been deprived of his rights or injured by an irregular or erroneous practice. As to the former, the judgment should not be shorn of its usual consequences, and there seems to be no adequate reason why it should not constitute a good cause of action against him. Finally, it is too much to say that the judgment supposed would be absolutely void as to both or all the defendants." 1 Black on Judgments, § 211.

The later decisions of this state seem to ignore that technical doctrine of treating a judgment against several defendants as indivisible even on appeal. Thus in Hamilton v. Prescott, 73 Tex. 566, 11 S. W. 549, Justice Gaines, who rendered the opinion of the court, said: "Our statutes require that but one final judgment shall be rendered in any case. Hence it has been held as a general rule that where a judgment in the lower

court has been set aside as to one defendant it is set aside as to all, whether the order be so expressed or not. Long v. Garnett, 45 Tex. 400; Martin v. Crow, 28 Tex. 613. In Boone v. Hulsey, 71 Tex. 176 [9 S. W. 581], the authorities were reversed upon the question, and an exception was recognized. The statute referred to is, however, applicable only to the trial courts, and consequently in this court no very uniform rule has been recognized." After quoting a number of other cases, in which appear a contrariety of rulings, he proceeds: "We think the conclusion to be deduced from these apparently conflicting cases is that this court, when it finds error in the proceedings of the lower court as to any party to the judgment, and not as to another, and that a proper discussion [disposition] of the case as to one is not dependent upon the judgment as to the other, will reverse in part and affirm in part; but, where the rights of one party are dependent in any manner upon those of another, it will treat the judgment as an entirety, and, where a reversal is required as to one, it will reverse the judgment as a whole. It has not hesitated to affirm as to a principal, and reverse as to a surety; but we presume no case can be found where it has reversed as to the principal, and affirmed as to the surety." That case has frequently been cited with approval by both the Supreme Court and the Courts of Civil Appeals. Among those approving and adopting that rule are the following: M. K & T. Ry. Co. v. Enos, 92 Tex. 579, 50 S. W. 928; Ramirez v. Smith, 94 Tex. 190, 59 S. W. 260; Danner v. Walker-Smith Co. (Tex. Civ. App.) 154 S. W. 295; Wimple v. Patterson (Tex. Civ. App.) 117 S. W. 1034; Mills v. Paul (Tex. Civ. App.) 30 S. W. 245; Taylor v. Hulstead et al. (Tex. Com. App.) 257 S. W. 232; Hollis v. Dashiell, 52 Tex. 197; Engstrand v. Kleffman, 86 Minn. 403, 90 N. W. 1054, 91 Am. St. Rep. 359, and numerous cases cited in notes.

It seems, then, that the prevailing rule in this state now is that judgments when reviewed on appeal will be treated as entire, and when reversed as to one defendant will be reversed as to all, only in those cases where that course is necessary to meet the demands of justice in the particular case. That policy is inconsistent with any fixed rule which requires a judgment to be treated as an entirety.

The facts of this case do not disclose a situation where justice would require that if the judgment is unenforceable against Coke it should be treated as void as to Richey also. The record shows, without dispute, that the cause of action sued on in the Missouri court was based upon a breach of a contract made by Richey alone, and long after his codefendant, Coke, had ceased to be a member of the partnership of T. R. Richey Lumber Mills. It also shows that both Richey and Coke were nonresidents of the state of Missouri and beyond the reach of personal service of process issued from the courts of that state. The answer filed purporting to be the answer of both Richey and Coke was evidently filed at the instance of Richey alone, with full knowledge of the facts and the conditions then existing. By thus entering the appearance of Coke in the case Richey knowingly perpetrated a deception upon the court which evidently led to the rendition of the improper personal judgment against Coke. It would, under present conditions, result in a miscarriage of justice to permit Richey to take advantage of the consequences of his deception and thus escape a liability which was exclusively his own.

If this were an appeal from the Missouri trial court's judgment, the situation might possibly be different; for in such a proceeding the error, if any, in rendering a personal judgment against Coke without service or an authorized appearance by him, might be corrected and the proper judgment entered. But this is a suit on the judgment, and the defense is a collateral attack. If Richey should in this proceeding be acquitted of any liability, it would effectually defeat the enforcement in this state of the obligation evidenced by the Missouri judgment. In that connection it is entirely appropriate to refer to a decision by the Supreme Court of Missouri, found in State v. Tate, 109 Mo. 265, 18 S. W. 1088, 32 Am. St. Rep. 664. That was a suit on the official bond of a tax collector against several defendants. Among the defendants against whom judgment was rendered was one who was dead and who had never been served with notice. An effort was made by the other defendants to set aside the judgment upon that ground. After reviewing the decisions of that state, which were disposed to treat a personal judgment as an entirety and if void as to one defendant was void as to the other, the court said: "We apprehend that the more recent rulings on this point give better expression to the principles that animate our Code of Procedure. We believe the latter intended to assimilate the treatment of judgments at law (when practicable), in the particular under consideration, to that which has always been conceded to apply to decrees in equity upon appeal. Dickerson v. Chrisman, 28 Mo. 141. There may possibly be judgments which, owing to the peculiar nature of the proceedings wherein they occur, require to be treated as entireties. We are not now called upon to decide as to that, and it is better to avoid generalizing, unnecessarily. Keeping in view the case before us, we hold that the liability of defendants in a judgment for the payment of money, originating in a joint and several contract, is several in nature, and that an irregularity in its rendition, as against one defendant, furnishes no sufficient reason to vacate the judgment, regularly rendered as to the other parties defendant therein."

It seems that upon principle, as well as upon eminent authority, the appellant is, in this instance, entitled to an enforcement of the judgment against Richey, notwithstanding it may be unenforceable as to his codefendant.

We are of opinion that we erred in affirming the judgment in toto. The motion of the appellant for a rehearing will therefore be granted, and the judgment of the trial court will be affirmed as to Coke only. In so far as it affects Richey it will be reversed and judgment here rendered in favor of the appellant against Richey for the full amount sued for, together with the costs of appeal both in this court and the court below.