GEO. B. ROBERTS v. JAMES HEFFNER.

This Court will not revise the order of the Court below granting a new trial, where there is no statement of the facts upon which such order was made.

Where several persons are sued for trespass, and the plaintiff obtains a verdict against one, and the others obtain a verdict against the plaintiff, it is not erroneous to grant a new trial as to one and not as to the others.

Where the terms of the sale of cotton are, that the price shall be paid to A, in discharge of a debt due him from the seller, A is a competent witness to prove the sale, and that the price has been paid to him in accordance with the terms of the sale.

Appeal from Panola. Tried below before the Hon. William W. Morris.

The facts are stated in the Opinion.

*T. W. Jones*, for appellant.

*Henderson & Jones*, for appellee.

HEMPHILL, Ch. J. In this action the plaintiff, Roberts, charged the defendants, Heffner, Allison, Hill and Pelham,

Vol. XIX.            9

with trespass in taking and carrying away a lot of cotton, alleged to belong to him, from the gin of Allison. The plaintiff, at the first trial, recovered judgment against Heffner, but the jury found, and there was judgment, for the other defendants. On motion of Heffner, new trial was granted. And the cause being again heard, the defendant, on his plea for damages by way of reconvention, recovered judgment for fourteen dollars and seventeen and one-half cents. The plaintiff (his motion for new trial being overruled) has brought up the cause by appeal, and assigns,

1st. Error in granting the new trial as to Heffner, at the June Term, 1855, at the first trial, and not at the same time as to Pelham.

2nd. In admitting, and afterwards in not excluding the testimony of Pelham.

3rd. In the several charges to the jury, and in all as a whole charge.

4th and 5th. The verdict was contrary to the law and the evidence.

6th. In not granting a new trial.

The counsel for the appellant has, in an elaborate argument, attempted to show that there was error in granting the new trial, and setting aside the judgment against the defendant Heffner, at the June Term, 1855. He discusses the grounds of the motion then made for a new trial, which were, in substance, that the jury found contrary to the evidence and charge of the Court.

2nd. Newly discovered evidence.

The discussion is on the supposition that the facts in proof on the former trial are within the reach of the Court; that the evidence on both of the trials was substantially the same. But this is not within the knowledge of this Court. It is not made so to appear from the record. The facts at the first trial were not preserved or embodied in a statement of facts; and what the evidence may have been cannot now be ascertained.

The presumption is in favor of the judgment of the Court ordering a new trial ; and none of the facts on the trial appearing or being made matter of record, there is no means of testing or rebutting the presumption. This view disposes of the whole of the argument in support of the assumption that there was error in the grant of the new trial on the motion of Heffner. The various positions of the argument have more or less reference to and dependence upon the facts supposed to have been in proof upon that trial.

We will now proceed to consider whether there was any error in refusing, on the motion of the plaintiff, to set aside the judgment, and grant him a new trial. The main question is whether the verdict was contrary to the evidence.

The appellant, by his counsel, has, in an ingenious argument, attempted to maintain the affirmative of this proposition. But we cannot assent to his views. The mind cannot hesitate for a moment in concluding, that upon the evidence, the defendant committed no trespass in taking the cotton, or if it were originally taken without sufficient authority, that the act was, in effect, ratified by the subsequent compromise and transaction between the plaintiff and defendant.

The orginal contract was, it seems to me, a complete act of sale. It was not executory, in the sense which required the performance of some further act on the part of the defendant, to pass the property. The proposal for the sale on the one hand, and the purchase on the other at a stipulated price, received the reciprocal assent of the parties. There was the *aggregatio mentium*, the meeting of the minds, or the mutual assent of the parties, to the same thing, in the same sense. Part of the consideration was to be paid on the day of the contract. The notes due from the plaintiff to Pelham were to be discharged by defendant. This was done, and Pelham, on the next day, in accordance with a previous arrangement, went to the town of Carthage to deliver up the notes to the plaintiff, but not finding him (and the presumption from the

evidence is that he was not in town on that day,) he left a message for the plaintiff at the County Clerk's office, where the latter was to have been on business, that he, Pelham, was sick and must go on home, that he could get his notes any time, and that Heffner had paid him, &c. The essence of the obligation on the part of Heffner was the payment of the notes. This was performed. It was not the fault of Heffner, that the notes were not received by the plaintiff on the next day. This was the consequence of the plaintiff's own default in not meeting Pelham as had been previously arranged between the parties. After the terms of the sale had been fully arranged and assented to, the defendant authorized the plaintiff to take possession of the cotton, or, in the language of the witnesses, to go and take it.

It is extremely clear, that the sale either passed full title in the cotton, or, if not, that it vested the defendant with authority to transport the cotton to Shreveport, and out of the proceeds of the sale, at the price of $8\frac{3}{4}$ cents per pound, pay himself for the amount advanced plaintiff in discharge of his debt to Pelham, remitting the balance to the plaintiff; and in either event, the taking possession of the cotton by defendant was not an act of trespass, and furnished no ground for this action. I shall not detail the subsequent transactions between the parties, or their compromise on the road. The acts of the plaintiff were vexatious, aggressive, and in violation of his contract; but if even the title in the cotton had not passed from him, as he contended, yet he then made such an arrangement and comprommise as took away the ground of action for the original wrong and injury, if any had deen committed.

We are of opinion that the verdict was not against the evidence, and the motion for new trial on that ground, was properly overruled.

The objection to the charges of the Court, specifically and as a whole, cannot be maintained. The substance of the instructions material to the issue, is, that if certain facts were estab-

lished by the proof, there was no trespass in taking possession of the cotton by the defendant, or if there was, the wrong was cured by the subsequent compromise between the parties. In this, as we have seen, there was no error.

Nor was there any error in admitting the testimony of Pelham as a witness. He was not legally interested in the event of this suit. The debt due to him had been paid, and it was immaterial whether the money had been advanced by the plaintiff, or by the defendant for and on behalf of the plaintiff. Pelham was not responsible to the defendant in event of the defeat of the contract for the sale of the cotton. The plaintiff would have been liable to the defendant either on the note or for money paid and expended for his use.

Pelham was not the agent of the plaintiff for the sale of the cotton. He assisted in the negotiation, as he says, for the purpose of getting his money. That is, he brought the parties together ; but the terms were agreed upon, and the contract completed between themselves. His only interest was in having payment of his notes, and whether they were paid by his debtor or by the defendant for him, he, as a creditor, having his debt discharged, cannot be required to refund.

It may be proper to observe that the material portions of his testimony are supported by other witnesses in the cause.

There is no error in the judgment, and it is ordered to be affirmed.

Judgment affirmed.