No. 2199.

### J. C. WOOTTERS ET AL. *v.* JULIUS KAUFFMAN ET AL.

1. COTTON FACTORS.—A cotton factor at Galveston who receives cotton consigned to him for sale, can not, without the consent of consignor, ship it for sale to a foreign market, and one who receives it from the factor for that purpose is liable to the owner for its value.
2. CUSTOM.—The uncontradicted testimony of one witness is sufficient to establish a custom; but if the testimony of one witness who swears to the existence of the custom be contradicted by that of another who denies it, the evidence can not sustain a verdict in favor of the custom.
3. SAME.—The ordinary rules of law governing the rights of parties under contract can not be changed by temporary custom so as affect their rights. To accomplish such a result the custom must be established, and so general in its application that all are presumed to know it. Evidence of a temporary custom of which the party to be affected has no knowledge, is not admissible to affect his rights.
4. CASE APPROVED.—Allen v. St. Louis National Bank, Supreme Court Reporter, volume 7, number 15, page 460, approved.

5. Charge of Court.—A charge of court which in effect directed a jury in general terms to return a verdict for defendant, if they find that "plaintiff gave any express or implied authority" to do an act on which the rights of the parties depended, and which gave no rule by which to determine the circumstances under which the authority could be implied, was error.

6. Consignor and Consignee.—In a suit by the owner of cotton against the consignee for its value after conversion, if it appears that the consignee had in his hands at the time he received the cotton, sufficient money of the owner to pay freights and charges incident to the shipment, the plaintiff is entitled to recover the full value of the cotton without deduction for charges paid by the consignee.

7. Agreement of Counsel.—An oral agreement of counsel in a suit made and acted on at one term, though aftewards written in a statement of facts preparatory to perfecting an appeal, can not be used on a second trial as evidence to establish a fact confessed by it, when notice of its withdrawal is given by the party objecting before the trial begins. Not being in writing as required by a rule of court, it could not be enforced.

8. Judgment.—In a suit against several, when the judgment of the court sets aside a verdict as to one or more, and as to them continues the cause, a judgment entered against another defendant as to whom the verdict is approved, is a nullity. There can be but one final judgment.

9. Same.—It matters not how many defendants in a cause there may be, there can be no final judgment against one, until the case is finally disposed of as to all. A new trial granted to one operates as to all. (Martin v. Crow, 28 Texas, 614, and Holme v. Jones, Administrator, 6 Texas, 242, approved.)

10. Syllabus.—The syllabus in Roberts v. Heffner, 19 Texas, 130, regarding new trials, is misleading. It announces a rule neither contended for nor decided in the case.

Appeal from Galveston. Tried below before the Hon. Wm. H. Stewart.

Suit by John C. Wootters and William Hayes, composing the firm of J. C. Wootters & Co., against Henry W. Duble and John H. Wootters, factors and commission merchants, composing the firm of Duble & Wootters, and also against Julius Kauffman, brought in 1874, to recover one hundred and thirty-four bales of cotton or its value. It was alleged and shown that the cotton was placed by plaintiffs in the hands of Duble & Wootters as factors, for sale, and was without authority from the plaintiffs turned over to Kauffman, doing business under the name of Kauffman & Runge, who had made advances to the factors and who shipped the cotton to England for sale. The defense was a general denial by Kauffman, who also pleaded that he had received the cotton with the knowledge of plaintiffs and in accord-

ance with the customs of trade. The case was tried in 1877, and the verdict was in favor of plaintiffs against Duble & Wootters for the amount for which the cotton was sold by the agents of Kauffman in Europe, less the charges for freight, etc., proved against the cotton. The jury stated that they were "wholly without the necessary evidence to enable them to specify for what the cotton was sold in Europe by Mally, Forjet & Co. (Kauffman's agents), and they had not received the evidence necessary to enable them to find what was the amount that the plaintiffs should recover from Duble & Wootters." The judgment was that Kauffman go hence without day, and that the verdict being too uncertain to authorize a judgment, that the cause be continued as to Duble & Wootters.

The case was appealed, and the appeal dismissed February 11, 1881, for want of a final judgment. All other facts necessary to a full understanding of the opinion will be found stated in it.

*George Mason* and *D. A. Nunn*, for appellants, on their proposition that the admissions of counsel for the purpose of dispensing with formal proof of some fact at the trial, is binding, and may be given in evidence upon a new trial, even if there has been an alteration in the pleadings.

The rule of court requiring agreements of counsel to be in writing, is complied with in spirit and letter when such agreement is subsequently reduced to writing, in a statement of facts, signed by the counsel, and filed in the cause, they cited 1 Greenleaf on Evidence, section 186; 1 Phillips on Evidence, chapter 8, section 10, pages 523, 524.

On their proposition that the court erred in overruling plaintiff's objection to that part of the testimony of Julius Runge relating to the panic in 1873, and its temporary effect on custom of trade, as shown in plaintiff's third bill of exceptions, they cited 2 Parsons on Contracts, 53; Kauffman v. Beasley, 54 Texas, 563.

On a proposition (too lengthy for insertion) involving the liability of the defendant, arising upon the facts referred to in the opinion, they cited Green v. Hill, 4 Texas, 468; Davidson v. Edgar, 5 Texas, 496; Baker v. Cook, 13 Texas, 81; International & Great Northern and Missouri Pacific Railway Company v. Kindred, 57 Texas, 503; Galveston, Harrisburg & San Antonio Railway Company v. Bracken, 59 Texas, 76; Pilcher v. Kirk, 60 Texas, 163; Ragland v. Wisrock, 61 Texas, 394; Houston &

Texas Central Railway Company v. Schmidt, 61 Texas, 285, 286, and cases there cited; Kauffman v. Beasley, 54 Texas, 567; Randall v. Collins, 58 Texas, 231; Woodson v. Collins, 56 Texas, 168; Collins v. Hale, Galveston term, 1884; Story on Agency, sections 436, 437; Ford v. Taggart, 4 Texas, 492; Hardy v. DeLeon, 5 Texas, 211; Hall v. York, 16 Texas, 18; Claiborne v. Tanner, 18 Texas, 68; Paschal v. Acklin, 27 Texas, 173; Levy & Co. v. McDowell, 45 Texas, 220; Kerr v. Hutchins, 46 Texas, 384; Huyler v. Dahoney, 48 Texas, 234; Patterson v. The United States, 2 Wheaton, 221; Gardner's Administrator v. Vidal, 6 Randall (Va.), 106; Brown, Executor of Innes, v. Henderson, 4 Munford (Va.), 492; Schweickhardt v. St. Louis et al., 2 Missouri Appeals, 576, and authorities there cited; 3 Coke Litt., 495 (second American edition, 393); Id., 497 (Thomas Coke, 394); 10 Bacon's Abridgment, 327, 328.

On the proposition that the former judgment was not final, they cited Revised Civil Statutes, Article 1283; Freeman on Judgments, section 251; Linn v. Arambould, 55 Texas, 611, and authorities there cited; Frow v. De la Vega, 15 Wallace, 552; also, Hulme v. Janes, 6 Texas, 242; Rhone v. Ellis, 30 Texas, 30.

*Waul & Walker,* for appellee Kauffman, on their proposition that the general rule that factors have no authority by law or by the usages of trade, to deal with cotton consigned to them otherwise than by a sale at Galveston, is rebutted where the evidence shows that the owner, by his acts, has given authority to the factor to use the cotton consigned to him, to relieve him from embarrassment, or to use it as his own, they cited Morris v. Sellers, 46 Texas, 391; Hutchinson v. Bours, 6 California, 382; Steamboat v. Von Pelt, 2 Black, 372.

That when it appears from the whole record in the case that the appellee was entitled to a verdict, the judgment in his favor will not be reversed on account of errors of the court in the admission or exclusion of evidence, or the giving or refusing instructions, they cited Dean v. Crenshaw, 47 Texas, 10; Commercial Bank v. Jones, 18 Texas, 811; Pearson v. Burditt, 26 Texas, 157; Railroad v. Brett, 61 Texas, 486; Hart v. Sansom, 110 United States, 151; Harkness v. Hide, 98 United States, 476; Pennoyer v. Neff, 95 United States, 716; Pana v. Bowler, 107 United States, 545.

On their proposition that the judgment rendered in this case by the district court at the June term, 1877, was a valid judg-

ment in favor of appellee Kauffman, and an estoppel against plaintiff unless the same was reversed or otherwise made void, they cited Revised Statutes, Articles 1329, 1336, 1337, 1371; Long v. Garnett, 45 Texas, 400; Martin v. Crow, 28 Texas, 613; Roberts v. Heffner, 19 Texas, 129; Whitaker v. Gee, 61 Texas, 218; Saffold v. Navarro, 15 Texas, 476; Hulme v. Janes, 6 Texas, 243; Burton v. Varnell, 5 Texas, 140.

That the judgment is conclusive until reversed, and can not be set aside by the district court after the motion for new trial was made and overruled, they cited Revised Statutes, Article 1371; Stewart v. Jones, 9 Texas, 469; Wells v. Mellville, 25 Texas, 337; McKean v. Ziller, 9 Texas, 58; Kelly v. Wise, 3 Sneed, 61.

GAINES, ASSOCIATE JUSTICE. J. C. Wootters & Co. brought this action to recover of Duble & Wootters and Julius Kauffman the value of certain cotton alleged to have been consigned to Duble & Wootters, as cotton factors in the city of Galveston, for sale, and to have been delivered to Kauffman for shipment to Liverpool and sale in that market. Plaintiffs claim that the delivery of the cotton to Kauffman was without their authority, and was therefore illegal, and seek to hold the defendants responsible for the alleged conversion.

The verdict and judgment was in their favor against J. H. Wootters, as surviving partner of Duble & Wootters; but against them in favor of the other defendants, who had been made parties as the widow and heirs of Julius Kauffman, he having died since the institution of this suit.

That a cotton factor in Galveston, to whom cotton has been consigned for sale, has no right, in the absence of direct authority from the consignor, to ship it to a foreign market for disposition; and that one who receives it from the factor for that purpose is responsible to the owner for its value, are propositions that are settled by the decision of this court in the case of Kauffman v. Beasley, 54 Texas, 563.

To avoid the effect of these rules of law, in the trial in the court below, the widow and heirs of Kauffman sought to show that during the season in which the cotton was shipped a custom existed in the city among factors to receive advances upon cotton consigned to them, and to send it to foreign markets for sale. The one person offered to prove this was the witness Runge, whose testimony was admitted over the objections of the plain-

tiffs. This ruling of the court was excepted to and is now assigned as error.

Of the insufficiency of the evidence upon this point, taking it all together, there can be no question. It has been held by courts of high authority that a custom can not be established by the testimony of a single witness. (Wood v. Hickok, 2 Wend., 501; Halwerson v. Cole, 1 Spears, 321; Barclay v. Kennedy, 3 Wash. Circuit Court, 350.)

But to this line of decisions the later cases seem not to have adhered. It is admitted by their more recent authorities that, from the nature of the case, if a general custom exist, more than one witness can always be found to establish it. Yet it is urged that this is not of itself a sufficient reason for making an exception to the general rule, that a fact in issue may be proved by the oath of one person alone. (Robinson v. United States, 13 Wall., 363; Vail v. Rice, 5 New York, 155; Jones v. Hoey, 128 Mass., 585; Partridge v. Forsyth, 29 Ala., 200.)

These cases just cited would seem to lay down the better doctrine. But all the courts agree that, if the testimony of one witness in support of a custom be contradicted by others, the custom can not be held established. It is reasonable to presume that if such general usage exist as is essential to show a custom in a particular branch of business, that every one engaged in such business should know it; and hence, if the fact be called in question, more than one witness could be brought to support it. (See Lawson on Usages and Customs, p. 98, sec. 54, and cases there cited.)

In this case, three cotton factors of the city testified that no such custom existed, and no witness was called by defendants to support the testimony of Runge upon this point. The evidence was therefore insufficient. But whether it be admissible or not, is another question. We give the interrogatory and the answers of the witness which were objected to:

"Was it generally understood by those engaged in the cotton business in Galveston, and those dealing with them in the country and sending consignments of cotton, that this panic prevailed, was affecting trade, and that factors, for want of market at home, were shipping cotton abroad and taking advances on consignments?

"Answer. Yes, the panic was generally known, and the adverse influences it had on cotton and trade generally. And people in business knew that large consignments were going

forward, either because parties could not sell or because they wanted to speculate for higher prices. The shipping was done for the purpose of getting cash advances.

" [In answer to question by the court], witness said: That was the general usage of those engaged in cotton business at that time, to wit, time of panic."

A custom, in order to affect the ordinary rules of law applicable to contracts in a particular business must not be temporary, but must be general as to the particular trade, and so well established that every one dealing in that trade is presumed to know it. (Lawson on Usages and Customs, 40, 44.)

The witness says the panic was generally known, and the adverse influence it had upon cotton; and that people in business knew that large consignments were going forward, and that was the general usage of those engaged in the cotton business during the time of panic. He does not say that the factors had adopted a rule of shipping cotton abroad—that their customers knew this, and had acquiesced in it; nor does he testify to any facts from which it must be presumed that the consignors of cotton knew that such a rule prevailed. His testimony is consistent with the theory that the factors were pressed for money and when so pressed used the customers' cotton as their own in order to obtain it. Such a course of business, brought about by extraordinary circumstances, such as a commercial panic, ought not to be held sufficient to make transactions good which are otherwise contrary to law.

Can factors, brokers, and other classes of agents dealing in the property and credits of others, because of commercial depression, adopt by express or implied consent a usage of trade so as to extend their authority over the property confided to their care? Certainly not, unless a knowledge of the change in their way of doing business be brought directly home to their principals. In a recent case, the Supreme Court of the United States say: * * * * * "The finding of the circuit court that the transactions between the factors and the plaintiffs 'were according to the general usage of trade between the banks and cotton factors in St. Louis,' can not aid the plaintiff, because the usage attempted to be set up was not shown to have been known to the defendants, or to other owners of cotton; and because it was contrary to law, in that it undertook to alter the nature of the contract between the factors and their principals, which authorizes them

to sell, but not to pledge," etc. (Allen v. St. Louis National Bank, Supreme Court Reporter, volume 7, number 15, page 460.

In the case before us, plaintiffs had been consigning cotton to Duble & Wootters long before the panic prevailed, and had expressly refused to allow their cotton to be sent to Europe for sale. The testimony of the witness certainly fails to show any knowledge on their part of the alleged custom. For these reasons, we think the testimony objected to inadmissible, and that the court erred in not excluding it.

It follows from what we have said that the court also erred in charging the jury upon the effect of the alleged custom. There being no sufficient legal evidence to warrant any instructions upon the point, the charge complained of in the tenth assignment was calculated to mislead the jury to the prejudice of plaintiffs, and should not have been given.

The eleventh assignment of error is, the court erred in charging the jury as follows: "If you believe from the evidence that J. C. Wootters, the plaintiff, gave any express or implied authority to the firm of Duble & Wootters to deal with the cotton as their own, or get advances on it from shippers to foreign markets, then the plaintiff can not recover from the defendants Clara Kauffman or Julius Kauffman, but would have to look alone to the defendant John H. Wootters, as surviving partner of Duble & Wootters."

This assignment is also well taken. The court should have instructed the jury what was meant by "implied authority," or from what fact or state of facts authority to Duble & Wootters to ship the cotton would be implied.

We are of opinion that, if Duble & Wooters had in their hands, belonging to plaintiffs, or owed plaintiffs, a sufficient sum of money to cover the freight and charges paid by the former upon the cotton, then plaintiffs were entitled to recover the full value of the cotton, without any deduction for such freight and charges. The court should have so charged; and therefore the seventh and eighth assignments of error are well taken. The charge complained of in the sixth assignment is correct as far as it goes, and is not obnoxious to the objections urged against it.

We do not think the court erred in rejecting the evidence of the agreement of counsel on the former trial, to the effect that it was admitted by defendant that Julius Kauffman, deceased, received the cotton sued for by plaintiffs. The agreement was oral; and, although it was incorporated in the statement of facts

which was signed by the counsel for the purpose of appealing from the former judgment, it can not be deemed a written agreement, as required by the rules of practice prescribed by this court. Standing as a mere parol admission of a fact made during the introduction of testimony, and notice of its withdrawal having been given before the second trial, it was not binding upon defendants. (1 Phillips on Evidence, Cowen, Hill and Edwards's notes, 436.) Not being in writing, it can not be enforced as an agreement. The statement of facts is not made up for the purposes of a new trial, and can not be used as evidence except, possibly, in cases where no other evidence can be procured.

It is insisted on behalf of appellees that the judgment should be affirmed, without reference to the errors complained of by appellants, and in support of that proposition it is urged: first, that Clara Kauffman, the widow of Julius Kauffman, has never been properly brought before the court; and second, that the judgment on the former trial in favor of Julius Kauffman is conclusive of the case as against his representatives.

We do not see that a failure to have due service of citation made upon Mrs. Kauffman would be any reason for affirming the judgment. By her appearance to quash the service she was in court to the next term for all purposes. Besides, it is shown by the record that she appeared and filed an answer to the merits.

Upon the former trial there was a verdict and judgment in favor of the original defendant Julius Kauffman against plaintiffs; but the court, in effect, set aside the verdict and continued the cause as to the other defendants, upon the ground that the finding of the jury as to them was too uncertain to form the basis of a judgment. This was held not to be a final judgment upon the former appeal in this case. (Wootters v. Kauffman, Galveston term, 1881.) As we take it the effect of this decision is to hold that but one final judgment can be rendered in a case, and that since the court had declined to enter a judgment as to Duble & Wootters and had continued the case as to them, this made the judgment as to Kauffman a nullity. To hold that judgment upon the present appeal conclusive of the rights of plaintiffs as against Kauffman's heirs, would be to overrule the decision upon the former appeal, and to deprive appellants of all relief for any errors that may have been committed by the court below upon either trial.

Our statutes provide that there shall be but one final judgment in any case. It follows from this that if there be several defend-

ants to a suit, no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be. Hence a new trial as to one is a new trial as to all, as has been decided by this court in Long v. Garnett, 45 Texas, 400; and a continuance as to one defendant is a continuance as to the others, although the court may attempt to render final judgment against the latter. (Martin v. Crow, 28 Texas, 614.)

In Hulme v. Janes, Administrator, 6 Texas, 242, suit was brought against three defendants. Judgment by default was rendered against two who had accepted service, but no disposition of the case was made as to the third, who was not served. Chief Justice Hemphill, in delivering the opinion, said: "The judgment is void as against Burtridge, and, as it is indivisible in its nature, it is necessarily void as to the other defendants." The same may be said as to the former judgment in favor of Kauffman in this case. (See also Whitaker v. Gee, 61 Texas, 217; Linn v. Arambould, 55 Texas, 611.)

We are cited to no case in conflict with this doctrine. The syllabus in the case of Roberts v. Heffner, 19 Texas, 130, says broadly that a new trial may be granted as to one defendant in an action of trespass, and not as to the others. An examination of the opinion, however, shows that the point was neither raised nor decided. In Saffold v. Navarro, 15 Texas, 76, it is held that when there are several defendants, and one of them is not served, but judgment final is rendered against all, the judgment may be reformed in the Supreme Court, dismissing as to the one not served and affirmed as to the others.

In Burton v. Varnell, 5 Texas, 139, judgment by confession was taken against one of two defendants, but no disposition of the case was made as to the other, who was not served. The court say there was no error, but finally decided that, if there was, it could not be taken advantage of by the defendant, who had confessed judgment.

If the judgment in favor of Kauffman, the defendant in the former trial, were still in force, we might affirm the judgment now appealed from, on the ground that no other could legally be rendered as to his representatives. But we are of opinion that it is not a valid and subsisting judgment, and that the court did not err in excluding it upon the objection of plaintiffs.

It is not necessary, in view of the disposition we shall make of the case, to consider the errors assigned by appellant John H.

Wootters, the surviving partner of Duble & Wootters. The questions not considered will probably not arise upon another trial.

For the errors pointed out, the judgment is reversed and the case remanded.

*Reversed and remanded.*

Opinion delivered March 11, 1887.