## SHANNON v. D. J. SHRECENGOST CO. et al. (No. 1955.)

(Court of Civil Appeals of Texas. El Paso. Feb. 3, 1927.)

**1. New trial ⚘163(2)—Granting new trial as to certain parties or issues not severed operates as granting of new trial as to all.**

Granting of new trial as to certain parties or issues presented, where they have not been severed, operates as granting of new trial as to all parties and issues.

**2. New trial ⚘163(2)—Order granting defendant new trial, after directed verdict for plaintiff on cross-action and for defendant on main action, requires retrial of all issues, notwithstanding denial of plaintiff's motion.**

Where verdict was directed for defendant on main action and for plaintiff on defendant's cross-action, order granting defendant's motion for new trial requires new trial of all issues, notwithstanding order denied plaintiff's motion for new trial.

**3. Appeal and error ⚘110—Order granting new trial is appealable (Rev. St. 1925, art. 2249).**

Appeal can be prosecuted from order granting new trial, under Rev. St. 1925, art. 2249, notwithstanding former rule to contrary.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by H. A. Shannon against the D. J. Shrecengost Company and others, in which defendants filed a cross-action. After judgment on a directed verdict for defendants in the main action, and for plaintiff in the cross-action, both parties filed motions for new trial. From an order overruling plaintiff's motion, and granting defendants' motion, plaintiff appeals. Affirmed.

C. W. Croom, of El Paso, for appellant.
Leo L. Heisel, of El Paso, for appellees.

HIGGINS, J. Shannon sued appellees to recover damages. The petition is in two counts. The first declares upon a contract by defendants to ship certain apples to the plaintiff to be sold for defendant's account, which apples were warranted to be of a certain quality, and it was alleged that those shipped did not comply with the warranty. The second declares upon the theory of a sale of apples of a guaranteed quality, but that those delivered were of an inferior quality.

The defendant answered to the merits and set up a cross-action for an alleged balance

⚘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

due upon the purchase price of the apples, and for the recovery of additional sums as damages for alleged breach by Shannon of the contract of sale. The court gave a peremptory instruction to find in favor of the defendants as to the plaintiff's suit against them, and to find in favor of the plaintiff upon the cross-action of defendants.

Verdict was returned and judgment rendered in accordance with the instruction. Both parties filed motions for new trial. The court overruled the plaintiff's motion and granted defendants' motion for new trial upon their cross-action. Shannon appeals.

[1, 2] The granting of a new trial as to certain parties or issues presented, where they have not been severed, operates as the granting of a new trial as to all parties and issues. Linn v. Arambould, 55 Tex. 611; Schintz v. Morris, 13 Tex. Civ. App. 580, 35 S. W. 516, 825, 36 S. W 292; Hume v. Schintz, 16 Tex. Civ. App. 512, 40 S. W. 1067; Danner v Walker-Smith Co. (Tex. Civ. App.) 154 S. W. 295. Other cases to like effect are cited in 13 Michie Digest, 373, 374.

[3] Under the law as it formerly existed, an appeal could not be prosecuted from an order granting a new trial; but it can now be done. Article 2249, R. S. 1925. Shannon has assigned error and briefed the case upon the apparent theory that the judgment against him upon his asserted cause of action is final; but, as shown above, the effect of the court's order upon defendants' motion was to grant a new trial as to all issues in the case.

The case now stands upon the docket of the trial court for retrial of all issues. The appellant is thus in the attitude of seeking relief in this court which he has already obtained in the court below. There is no possible error of which he can complain, and the order granting the new trial will therefore be affirmed.

Affirmed.