**KLINE v. POWER, District Judge, et al.**

No. 13815.

Court of Civil Appeals of Texas. Fort Worth.

March 4, 1938.

McLean & Woodward and Mack & Mack, all of Fort Worth, for relator.

Cantey, Hanger & McMahon, of Fort Worth, for respondent Thannisch Chevrolet Co.

BROWN, Justice.

This is a mandamus proceeding. The relators brought suit in the Ninety-Sixth district court of Tarrant county against respondents, Thannisch Chevrolet Company, and one W. R. Loflin, to recover damages for personal injuries received by relator Eugene Kline, son of relator E. F. Kline, alleging that respondent Loflin was agent and employee of said respondent company, and acting within the scope of his employment when he negligently ran into relator Eugene Kline with an automobile owned by the said employer.

The case was tried to a jury, and, after the taking of evidence, the trial court gave the respondent Thannisch Chevrolet Company an instructed verdict, but submitted the case to the jury as to the liability of respondent Loflin, and the jury, being unable to agree upon the issues of fact submitted, a mistrial resulted. Thereupon, the trial court rendered judgment that the relators take nothing as against the respondent Thannisch Chevrolet Company, but such judgment makes no mention of the defendant W. R. Loflin, and does not purport to make any disposition of such defendant.

After these proceedings were had, the relators filed a motion in the trial court, asking that the trial court set the cause down for trial as against both respondents, who are named defendants below, and such motion, when presented, was in all things denied.

The petition for mandamus was then filed in this court, seeking to compel the trial judge, the Honorable A. J. Power, judge of the said Ninety-Sixth district court, one of the respondents here, to proceed to trial as against both said defendants below.

We believe the relators are entitled to the relief sought. There can be but one final judgment in the case at bar. An ancient landmark is the case of Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465, 468. That suit was predicated upon a tort, and was for conversion, and named several defendants. On the first trial, the jury returned the verdict sufficient to enable the plaintiff to recover against certain defendants, but the jury was unable to return a verdict either for or against the remaining defendant. The trial court rendered judgment that the defendant, against whom the jury was unable to return a verdict, go hence without day, and declared the verdict too uncertain and con-

tinued the cause as to the other defendants. When this case was appealed to the Supreme Court, it was dismissed, because there was no final judgment.

Upon a second trial, the defendant, who was dismissed with his costs and in whose favor the former order of the trial court appeared, sought to rely upon the first order or proposed judgment of the trial court, because same established the fact that he was not liable. In the opinion of the Supreme Court, we find the following language:

"To hold that judgment, upon the present appeal, conclusive of the rights of plaintiffs as against Kauffman's heirs, would be to overrule the decision upon the former appeal, and to deprive appellants of all relief for any errors that may have been committed by the court below upon either trial. Our statutes provide that there shall be but one final judgment in any case. It follows from this that, if there be several defendants to a suit, no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be. Hence a new trial as to one is a new trial as to all."

Obviously, the converse is equally sound. No final judgment can be rendered in favor of one defendant until it is rendered as to all.

In another old case, Martin v. Crow, 28 Tex. 613, 615, Crow sued three Martins, and judgment by default was rendered against two of them, and further recited that the cause was continued for service on the third defendant. It appears that this was a suit on a promissory note, and the opinion in that case is the only opinion that we have found using any expression concerning the duty of the trial court as to such interlocutory judgment. There it is said:

"The judgment rendered in the cause against M. M. and L. M. Martin can only be held as interlocutory, and yet subject to the action and control of the District Court."

█ █ If we have the authority to treat the judgment rendered in favor of respondent Thannisch Chevrolet Company as an interlocutory judgment, and assuredly it cannot be other than that, then it is certain that such interlocutory judgment is subject to the action and control of the court in which it was rendered. If we are able to analyze what the Supreme Court

has said, this means, as applied to the instant suit, that the whole case must be tried anew because of the failure to dispose of the defendant Loflin.

If this cause is tried in the court below only on the issues touching the personal liability of Loflin, it appears to us that the plaintiff below will not only be deprived of the right to present any and all evidence tending to show respondent Thannisch Chevrolet Company's liability, if any there be, but will be deprived "of all relief for any errors that may have been committed by the court below upon either trial," in so far as plaintiff seeks to recover against respondent company.

The petition for writ of mandamus is granted, as prayed for.