TEXAS CITIES GAS CO. et al. v.
DICKENS et al.

No. 2171.

Court of Civil Appeals of Texas. Waco.

Oct. 19, 1939.

Rehearing Denied Dec. 7, 1939.

Darden, Burleson & Wilson, of Waco, for appellants.

John McGlasson, Eugene McGlasson, Sleeper, Boynton & Kendall, and Richey, Sheehy & Teeling, all of Waco, for appellees.

GEORGE, Justice.

This is a suit to recover damages for personal injuries alleged to have been received by N. P. Dickens as the result of the negligence of Texas Cities Gas Company, Lone Star Gas Company, The First National Bank of Waco, Texas, and Waco Land Trust and its trustees, E. A. Flowers, T. B. Brazelton and W. B. Dossett. Plaintiff N. P. Dickens alleged that a two inch gas line in the tunnel under the annex to the Liberty Building sprung a leak or became separated at its coupling and gas therefrom flowed into and accumulated in the basement of the Liberty Building; that such gas was caused to explode and produce a tremendous fire; that he was a fireman on duty on October 4, 1936, and that he, while in the performance of his duties, received certain personal injuries from an explosion of gas occurring while he was fighting the fire in the Liberty Building and annex; that The First National Bank of Waco and Waco Land Trust were the owners and operators of the Liberty Building and annex on October 4, 1936; that Texas Cities Gas Company in 1929 furnished the material and installed the pipes and equipment necessary for supplying the building with gas; that Lone Star Gas Company furnished gas to Texas Cities Gas Company; that Lone Star Gas Company and Texas Cities Gas Company increased the gas pressure in the gas lines of Texas Cities Gas Company a few days prior to the 4th day of October, 1936; that The First National Bank of Waco and Waco Land Trust were guilty of negligence (1) in placing Warren Moore in charge of the boiler room and tunnel; (2) in not inspecting the gas pipes and connections from time to time to see that they were in good condition and free from leaks; and (3) in turning off the switch, while acting through their servant, Warren Moore, thereby producing the spark that caused the gas accumulated in the basement of the building to explode at a time when such servant knew or should have known that gas was escaping and accumulating in the basement; and Texas Cities Gas Company was guilty of negligence (1) in the manner in which it caused the gas lines to be installed in the Liberty Building and annex; (2) in allowing gas to be distributed in defective and weak lines; (3) in not causing an inspection to be made of its gas lines; (4) in causing and in allowing high pressure to be placed in its intermediate lines in and adjacent to the Liberty Building and its annex; (5) in not cutting off the gas immediately after the explosion; (6) in allowing gas to flow into the building while the fire was raging in the basement of the building; (7) in causing an unusual and excessive gas pressure to be built up in its gas lines in and adjacent to the Liberty Building and annex; (8) in installing a Hammond coupler in the gas line in the tunnel under the annex without anchoring and bracing the line so that it would not vibrate and separate regardless of the pressure that might be placed in the line; and (9) in failing to paint the line in the tunnel so that an inspection would reveal any slipping or separating of the joint; that Lone Star Gas Company was guilty of negligence in causing high

pressure to be built up in the distributing lines of the Texas Cities Gas Company in the city of Waco at a time when it knew the distributing system of the Texas Cities Gas Company was old, defective and worn; that the acts and omissions of the Texas Cities Gas Company, Lone Star Gas Company, The First National Bank of Waco, Texas, and Waco Land Trust concurred in producing the explosion that resulted in the injuries received by plaintiff and that such concurring acts and omissions of the defendants proximately caused the injuries and damages received by plaintiff.

The defendants Texas Cities Gas Company and Lone Star Gas Company answered and plead general demurrer, special exceptions and general denial and certain acts and omissions on the part of Dickens as contributory negligence and certain acts and omissions on the part of the Bank and Land Trust as sole proximate cause, and by way of cross-action sought to recover against the Bank and Land Trust common law indemnity, contractual indemnity and statutory contribution. The Bank and Land Trust answered and plead general demurrer, special exceptions, general denial, contributory negligence on the part of Dickens, and certain acts and omissions on the part of the Gas Companies as sole proximate cause, and by way of cross-action sought to recover common law indemnity and statutory contribution from the Gas Companies.

The case was tried before the court and a jury. Upon the conclusion of the hearing of the evidence the Bank and Land Trust moved the court to peremptorily instruct the jury to return a verdict in favor of the Bank and Land Trust against N. P. Dickens and against the Gas Companies oh their cross-action. The Gas Companies also moved the court to peremptorily instruct the jury to return a verdict in their favor and against N. P. Dickens. The trial court instructed a verdict in favor of the Bank, Land Trust and Lone Star Gas Company against N. P. Dickens and against the Gas Companies on their cross-action. The court then submitted to the jury the cause between N. P. Dickens and Texas Cities Gas Company. The jury returned a verdict upon the issues submitted favorable to N. P. Dickens. Thereafter, Texas Cities Gas Company filed a motion asking the court to set aside the verdict of the jury and grant it a new trial. The court set aside the verdict of the jury in favor of Dickens and the Lone Star Gas Company and the judgment rendered thereon and granted Texas Cities Gas Company a new trial as to plaintiff N. P. Dickens. The Bank and Land Trust then filed a motion to sever the suit of N. P. Dickens against the Gas Companies from the suit of N. P. Dickens against the Bank and Land Trust and the cross-action of the Gas Companies against the Bank and Land Trust and that such causes, after severance, be docketed separately, and that the court then render final judgment on the instructed verdict in favor of the Bank and Land Trust. The court thereupon entered an order severing the cause as prayed for and directing that it be docketed separately on the docket of the trial court. The court then proceeded to enter a judgment in the severed cause without further hearing or another trial on the merits.

The trial court granted the motion to sever and entered its order decreeing that plaintiff, N. P. Dickens, take nothing as against the defendants The First National Bank of Waco, Texas, and Waco Land Trust, and that Texas Cities Gas Company and Lone Star Gas Company take nothing on their cross-action against The First National Bank of Waco, Texas, and Waco Land Trust, on the ground that plaintiff N. P. Dickens' petition stated two causes of action based on separate and distinct subject matters and enforceable against different defendants, that is, that plaintiff's petition stated a separate and single cause of action based on one tort against Texas Cities Gas Company and Lone Star Gas Company and another single and separate cause of action based on another tort against The First National Bank of Waco, Texas, and Waco Land Trust. If the trial court's construction of plaintiff's petition is correct, then its action is properly before this court for consideration and review, but if plaintiff's petition stated one cause of action based on joint and concurring acts and omissions on the part of all the defendants, then this court is without jurisdiction for the reason that only one judgment can be entered in that character of cause. A trial court is not authorized, over the objection of any of the interested parties, to split a single cause of action into two or more parts. 1 Tex. Jur. sec. 53, pp. 670-671.

The cause of action as plead by N. P. Dickens against Texas Cities Gas Company, Lone Star Gas Company, The

First National Bank of Waco, Texas, and Waco Land Trust is one. For it is bottomed on the theory that the concurring acts and omissions of all defendants directly produced the injuries received by N. P. Dickens. The allegations are to the effect that the negligent acts of each and all concurred and contributed in producing such personal injuries. The plaintiff's right of action, if any he has, grew out of one transaction or occurrence. If the negligent acts and omissions of the Gas Companies brought about the release of the gas into the basement of the Liberty Building, it was the act of Warren Moore, servant of the Bank, in turning off the switch that produced the spark that set off the explosion and resulting fire. It was the joint and concurring acts and omissions of the Gas Companies and the servant of the Bank that brought about the condition that made it possible for the plaintiff N. P. Dickens to be injured. Thus, it is apparent that N. P. Dickens' suit is not based on separate and distinct subject matters. The case was tried as one cause and as an entirety. The fact that the pleadings and proof of the several defendants presented and supported separate and different defenses to the suit does not render the cause severable. If the plaintiff failed for any reason in the trial court to establish joint liability on the part of any or all of the defendants, that fact would authorize the trial court to instruct a verdict in favor of such defendants but it would not authorize the court to sever the cause for that reason and render judgment for such defendant or defendants and continue the case for another hearing as to the other defendants. The amount of damages sustained by the plaintiff as the result of the concurring and contributing acts of the defendants could be reasonably ascertained and award made therefor but the proportion, if any, contributed by each could not. The damages, if any, occasioned by each could not in a case of this character be separated from that inflicted by the others. And it is for these reasons that no one of the defendants, either before or after hearing, was entitled to demand and receive a severance of the cause and a separate trial. The trial court granted the severance after trial of the cause as an entirety but did not grant and have a separate trial on either of the causes after severance.

■ Where there are several defendants in an action, no final judgment can be rendered by the trial court in favor of or against one or more of the defendants until it is rendered in favor of or against all of them. Art. 2211, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 2211; Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465; Kline v. Power, Tex.Civ.App., 114 S.W.2d 617; Martin v. Crow, 28 Tex. 613.

■ The setting aside of the verdict of the jury as to Texas Cities Gas Company and Lone Star Gas Company and granting them a new trial as against the plaintiff N. P. Dickens operated to set aside the verdict of the jury in favor of The First National Bank of Waco, Texas, and Waco Land Trust and to grant to all parties a new trial. Long v. Garnett, 45 Tex. 400; Gulf C. & S. F. Ry. Co. v. James, 73 Tex. 12, 10 S.W. 744, par. 6, 15 Am.St.Rep. 743; Schintz v. Morris, Tex.Civ.App., 35 S.W. 516, Id., Tex.Civ.App., 35 S.W. 825; Levy v. Gill, Tex.Civ.App., 46 S.W. 84; St. Louis S. F. & T. R. Co. v. Smith, Tex.Civ. App., 99 S.W. 171; Marmion v. Herrin Transportation Co., Tex.Civ.App., 127 S. W.2d 558; Hamilton v. Prescott, 73 Tex. 565, 566, 11 S.W. 548; Smith v. Thornton, Tex.Com.App., 119 Tex. 344, 29 S.W.2d 314; Danner v. Walker-Smith Co., Tex. Civ.App., 154 S.W. 295.

■ The test of whether the judgment is final so as to be appealable is whether it disposes of the whole matter in controversy as to all of the parties. Mignon v. Brinson, 74 Tex. 18, 11 S.W. 903; Whitaker v. Gee, 61 Tex. 217; Havard v. Carter-Kelley Lbr. Co., Tex.Civ.App., 162 S. W. 922; Gulf, C. & S. F. R. Co. v. Atlantic Fruit Distributors, Tex.Civ.App., 184 S.W. 294; Wright v. Chandler, Tex.Civ.App., 173 S.W. 1173; Busby v. Schrank, Tex. Civ.App. 174 S.W. 295; Martin v. Daniel, Tex.Civ.App., 265 S.W. 409; Pecos & N. T. R. Co. v. Epps & Matsler, Tex.Civ.App., 117 S.W. 1012.

■ We are of the opinion that the orders of the trial court in severing the cause and rendering judgment in favor of The First National Bank of Waco, Texas, and Waco Land Trust do not constitute a final judgment and that this court, for such reason, is without jurisdiction of the attempted appeal. The appeal is dismissed.