### ALEXANDER v. MEREDITH, District Judge et al.

### No. 5703.

Court of Civil Appeals of Texas. Texarkana.

Oct. 27, 1939.

Rehearing Denied Sept. 4, 1941.

Jones & Jones, of Marshall, and J. Edwin Smith, of San Marcos, for relator.

Thompson, Knight, Harris, Wright & Weisberg, Pinkney Grissom, and James E. Henderson, all of Dallas, for respondents.

HALL, Justice.

This is an application for mandamus brought by relator to compel the Hon. D. S. Meredith, Jr., District Judge of the Special District Court of Gregg County, to try cause No. 12792-C, styled J. M. Alexander v. Byrd Motor Company et al. pending on the docket of said court. It appears that sometime prior to the filing of this application the above styled and numbered cause was tried in respondent's court upon pleadings alleging that relator Mabel Alexander, wife of J. M. Alexander, was injured in a collision of the car in which she was riding with a car owned by the Byrds and Byrd Motor Company, driven by Lester Phillips. Numerous grounds of negligence are alleged against Phillips in the operation of the automobile causing the injury to Mrs. Alexander. It is also alleged that Byrd Motor Company, H. W. Byrd, and C. L. Byrd are liable for the injuries of Mrs. Alexander for the reasons: (1) That they delivered the car in question to Phillips when he, Phillips, was in an intoxicated condition; and (2) that the car delivered by them to Phillips was in defective condition, and that these acts of negligence were the proximate cause of Mrs. Alexander's injuries. The trial was to a jury on special

issues, and upon the answers thereto a judgment was entered for H. W. Byrd, C. L. Byrd, Byrd Motor Company, and Lester Phillips, all the defendants in said cause. Plaintiff in that suit, relator here, filed a motion for new trial which was granted as to defendant Lester Phillips but was refused as to his co-defendants Byrd Motor Company, H. W. Byrd, and C. L. Byrd. With respect to these last named co-defendants of Phillips, Judge Meredith, respondent herein, entered the following order:

"The judgment in favor of defendants, H. W. Byrd, C. L. Byrd and Byrd Motor Company, is hereby modified to the extent that the same shall be an interlocutory judgment in favor of said defendants against plaintiffs, J. M. Alexander and wife, Mrs. Mabel Alexander. It is ordered that said interlocutory judgment be entered upon the minutes of this court pending the determination of plaintiffs' suit against defendant Lester Phillips, at which time this interlocutory judgment in favor of said defendants will be embodied in the final judgment to be rendered in this cause at said time."

Later, on June 19, 1939, relator filed his motion to set the case for trial. Not only as to defendant Phillips, but also as to the Byrds and Byrd Motor Company. Judge Meredith refused the motion in part and entered the following order:

"On this the 19th day of June, 1939, the Court heard and considered the request for setting this cause for trial as to the defendants Lester Phillips, H. W. Byrd, C. L. Byrd, and Byrd Motor Company for the week of June 26th, 1939. The Cause is set for trial at the heel of the docket for the week of June 26th, 1939, as to the defendant Lester Phillips; however, as to the defendants H. W. Byrd, C. L. Byrd, and Byrd Motor Company the plaintiffs' request is refused, the court having heretofore in this cause granted a new trial only as to the defendant Lester Phillips and having heretofore denied the new trial as to the defendants H. W. Byrd, C. L. Byrd and Byrd Motor Company. Plaintiff excepted."

These orders form the basis of this application.

Relator's proposition No. 1 is: "It is the established law in this state that there can be only one final judgment in any cause; when the trial court on a plaintiff's motion for a new trial grants him a new trial as to one of several defendant joint tortfeasors, the effect of his action is to grant the plaintiff a new trial as to all of the defendant tortfeasors."

This proposition presents the controlling question on this application. Numerous authorities are cited under this proposition, which we have examined, and we readily concede that under R.S. Article 2211, Vernon's Ann.Civ.St. art. 2211, and the other authorities cited only one final judgment can be rendered in a cause by the trial court. But, does the action of the respondent, Judge Meredith, as shown by the orders copied above, indicate that more than one final judgment will be entered? We think not. Judge Meredith expressly provided in his order granting a new trial as to defendant Lester Phillips, that the final judgment theretofore rendered in favor of all the defendants, was as to the Byrds and Byrd Motor Company, changed to an interlocutory judgment which would become final when a final judgment should be entered in plaintiffs' cause against Lester Phillips. This action of the trial court, in our opinion, has the sanction of the Supreme Court as reflected in the case of Cowart v. Meeks, 131 Tex. 36, 111 S.W.2d 1105, by the Commission of Appeals, approved by the Supreme Court (affirming the Court of Civil Appeals, Meeks v. Cowart, 84 S. W.2d 845). The following quotation from the Cowart case shows that the action taken by the trial court in that case was very similar to the action of Judge Meredith complained of here [111 S.W.2d 1106]:

"Originally the two Cowarts filed separate suits, but by agreement of all the parties the suits were consolidated and tried as one suit. The suit was tried at the February term, 1934, and resulted in an instructed verdict for the hotel company and findings on the part of the jury favorable to J. N. Meeks. The trial judge granted the Cowarts a new trial as to J. N. Meeks, but entered an interlocutory order in favor of the hotel company. At the April term, 1934, the cause was again tried and resulted in jury finding favorable to the Cowarts against J. N. Meeks. Based on these jury findings, the trial judge rendered judgment against J. N. Meeks in favor of M. A. Cowart in the sum of $16,409 and in favor of O. A. Cowart in the sum of $3,566. The interlocutory order in favor of the hotel company was made final."

The jury's verdict acquitted the Byrds and Byrd Motor Company of any liability and we can perceive no good reason for again trying the issues as between plaintiff and them.

Therefore the application for writ of mandamus is respectfully refused.