HOWARD GAULT AND SON, INC., Relator,

v.

Honorable Michael P. METCALF, District Judge, et al., Respondents.

No. 8631.

Court of Civil Appeals of Texas, Amarillo.

Oct. 31, 1975.

Jack Hazlewood, Amarillo, for relator.

Witherspoon, Aikin, Langley, Woods & Gulley, D. Wesley Gulley, Shuval & Saul, Andrew J. Shuval, Hereford, for respondents.

ELLIS, Chief Justice.

The original mandamus proceeding is brought by relator, Howard Gault and Son, Inc., seeking to compel the Honorable Michael P. Metcalf, in his capacity as Judge of the 69th Judicial District Court in and for Deaf Smith County, Texas, to proceed to trial as to all three defendants in pending Cause No. 6697, styled Howard Gault and Son, Inc. v. First National Bank of Hereford, Texas, Pitman Grain Company and T. B. Thomas, Jr., rather than as to T. B. Thomas, Jr., the only party affirmatively granted a new trial. Writ refused.

At a previous jury trial, the trial court instructed a verdict for Pitman and, upon receipt of the jury's verdict, rendered a take-nothing judgment on Gault's asserted cause of action against the Bank, but rendered judgment for Gault against Thomas. The facts of this case are more fully set out in the opinion of this Court in *Howard Gault & Son, Inc. v. First National Bank*, 523 S.W.2d 496 (Tex.Civ.App.—Amarillo 1975, no writ), wherein the relator, then plaintiff-appellant, challenged the take-nothing judgment entered by the trial court in favor of the Bank and Pitman. We dismissed that appeal because the trial court had granted defendant Thomas' motion for new trial, and the order adjudicating the rights of relator as against the Bank and Pitman was interlocutory, and did not fall within any exception to the general rule that interlocutory orders are not appealable.

By motion filed on August 15, 1975, relator urged, among other matters, the trial court to grant a new trial as to defendants Bank and Pitman, in the event defendant Thomas was permitted a new trial as the trial court had previously ordered. On August 18, 1975, by order of the trial court it was found, in part, that a severance of the case should not be ordered as to either or

both defendant Bank and defendant Pitman, that the motion by the Bank that the case be not set for a second jury trial with regard to the Bank should be granted, and that plaintiff's motion filed August 15, 1975, should be denied. The trial court ordered that a new trial be held as between Gault and Son, Inc. and Thomas, without the appearance therein of either First National Bank or Pitman Grain Company as defendants since the claims of plaintiff as against the Bank and Pitman had been disposed of by prior judgment of the trial court, except as against the Bank in its capacity as garnishee.

Relator contends that the "automatic effect" of the new trial granted as to Thomas was to grant a new trial as to the remaining defendants, the Bank and Pitman, as well. Relator further contends that to deny its application for writ of mandamus will allow the trial court to violate the fundamental rule that there shall be but one judgment in each case. Tex.R.Civ.P. 301. As a corollary to this rule, relator urges that there necessarily be "only one trial to support the one judgment."

■ We do not agree that the corollary proposed by the relator necessarily follows under the provisions of Rule 301. The requirement that there be but one final judgment in a case does not mean there must be only one single trial covering all parties and all issues. *Compton v. Jennings Lumber Co.*, 295 S.W. 308 (Tex.Civ.App.—Eastland 1927, writ dism'd). The case of *Alexander v. Meredith*, 154 S.W.2d 920 (Tex.Civ.App. —Texarkana 1939), certified questions dismissed, 137 Tex. 37, 152 S.W.2d 732 (1941), involved an application for a writ of mandamus wherein the factual situation was quite analogous in its essential aspects to that in the instant case. In that case the judgment rendered by the trial court was subsequently modified to make the judgment interlocutory as to three of four defendants, pending the outcome of a trial as to the fourth defendant pursuant to the granting of plaintiff's motion for a new trial in which new trial had been sought as

to all of the defendants. The order modifying the judgment further recited that upon determination of plaintiff's suit against the fourth defendant, the interlocutory judgment in favor of the three defendants would be embodied in the final judgment to be rendered in the suit.

In his application for writ of mandamus the plaintiff-relator in *Alexander* urged as the basis for granting the application that: " 'It is the established law in this state that there can be only one final judgment in any cause; when the trial court on a plaintiff's motion for new trial grants him a new trial as to one of several defendant joint tortfeasors, the effect of his action is to grant the plaintiff a new trial as to all of the defendant tortfeasors.' " Id. at 921. Among the authorities cited to support the proposition was R.C.S. Art. 2211 the rule of which is now contained in Tex.R.Civ.P. 301. The Court of Civil Appeals then cited *Cowart v. Meeks*, 131 Tex. 36, 111 S.W.2d 1105 (1938) as support for its decision to deny the application for writ of mandamus. In *Cowart* the Commission of Appeals expressly sanctioned the action of the trial court in granting a new trial as to one defendant while entering an interlocutory judgment for the other defendant based upon an instructed verdict in its favor. After the second trial as to the one defendant the trial court rendered judgment in favor of the plaintiff as against that defendant, and the interlocutory order in favor of the other defendant was made final.

The court in *Alexander* then stated that the jury's verdict acquitted three of the defendants of any liability and that no good reason appeared for again trying the issues as between plaintiff and them. We note that although the trial court in *Alexander v. Meredith*, supra, expressly stated that modification of the judgment caused part of the judgment to be made interlocutory, and the trial court in the instant case made no express statement as to the interlocutory nature of the judgment as to the Bank and Pitman, the fact remains that the order was

interlocutory, and we so stated in our former opinion.

Under the rule applied in *Alexander v. Meredith*, based upon the holding in *Cowart*, upon the determination in a new trial of the rights as between relator and defendant Thomas, the interlocutory order as to the Bank and Pitman will be merged in the final judgment in the cause. Appeal as to all or any part of the judgment can occur after final judgment is rendered by the trial court. *H. B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192 (Tex.1963); *Lubell v. Sutton*, 164 S.W.2d 41 (Tex.Civ.App.—Texarkana, 1942, writ ref'd). Also, see *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company*, 159 Tex. 550, 324 S.W.2d 200 (1959); *Transport Insurance Company v. Wheeler*, 420 S.W.2d 635 (Tex. Civ.App.—Houston 1957, writ ref'd n. r. e.).

In support of its contention that new trial granted as to one defendant necessarily requires new trial as to all defendants, the relator cites the following cases: *Wootters v. Kauffman*, 67 Tex. 488, 3 S.W. 465 (1887); *Kline v. Power*, 114 S.W.2d 617 (Tex.Civ.App.—Fort Worth 1938, no writ); *St. Louis, S. F. & T. Ry. Co. v. Smith*, 99 S.W. 171 (Tex.Civ.App.—1906, writ ref'd); *Shannon v. D. J. Shrecengost Co.*, 291 S.W. 928 (Tex.Civ.App.—El Paso 1927, no writ); *Texas Cities Gas Co. v. Dickens*, 133 S.W.2d 810 (Tex.Civ.App.—Waco 1939, no writ). By reason of significant factual distinctions existing between such cases and the instant case, we do not agree that the holdings in such cases compel the result here sought by the relator.

In *Wootters v. Kauffman*, supra, the Supreme Court stated, broadly, ". . . a new trial as to one is a new trial as to all, . . . ." The facts in *Wootters* are unlike the facts in the instant case in that defendant, Kauffman, for whom judgment was first entered in the trial court, entered an appearance in the second trial, in which final judgment was entered as to all defendants. On appeal from the second trial Kauffman urged that the first judgment

entered was conclusive as to his rights. It was within this context that the Supreme Court held that a continuance as to one defendant is a continuance as to the others. To hold otherwise, the Court said, ". . . would be . . . to deprive appellants of all relief for any errors that may have been committed by the court below upon either trial."

In *Kline*, the court apparently considered the significance of the principal-agent relationship of the defendants as creating an interdependence with respect to the liability asserted against them by the plaintiff. In *Shannon*, the suit was upon a single contract between seller and buyer where a new trial had been granted as to the cross-action and denied as to the principal action. In such case where the rights of the parties were to be determined under a single contract it does not appear that partial new trial would have been proper. The courts in *Texas Cities Gas Co. v. Dickens* and *St. Louis, S. F. & T. Ry. Co. v. Smith* made express reference to the non-severability of the suits. The court in the latter of these two cases cites *Boone v. Hulsey*, 71 Tex. 176, 9 S.W. 531 (1888) in which the Supreme Court held that in cases of trespass to try title, where each of a number of defendants sued jointly claim only a specified part of an entire survey of land, new trial may be granted as to some defendants though not as to others. The court in *St. Louis, S. F. & T. Ry. Co.*, supra, distinguished the facts in that case from the facts in *Boone v. Hulsey* by observing that not only could the plaintiff in Boone have brought a separate suit against each defendant, but also that, after the suit was instituted, each defendant or set of defendants might have claimed a severance and had a separate trial and judgment. The action brought by the plaintiff in the *St. Louis, S. F. & T. Ry. Co.* case was single with no right of severance existing in any of the defendants. The judgment of the trial court was held to be indivisible and setting aside part of the judgment operated to vacate it entirely. Thus, from the holding of the Supreme

Court in *Boone v. Hulsey*, supra, we find a recognition of the power of a trial court to grant a partial new trial in certain instances, i. e., separate causes of action which were jointly tried can be separated for new trial. Also, see *Smith v. United Gas Pipe Line Co.*, 149 Tex. 69, 228 S.W.2d 139, at 144 (1950).

We note that the potential loss of right of appeal sought to be remedied by the holding of the court in *Wootters v. Kauffman*, supra, should not be considered a factor in the instant case. The relator here will not be deprived of his right to assert the errors that may have occurred in the trial as to defendants Bank and Pitman, or that may occur in the trial as to defendant Thomas.

If an appeal be brought from the final judgment of the trial court in this case, two records may be filed with the Court of Civil Appeals for review, depending upon the identity of the parties on appeal. An appeal involving relator and defendants Bank and Pitman would be based upon the record of the first trial; an appeal involving relator and defendant Thomas would be based upon the record of the second trial. In the case of *Meeks v. Cowart*, 84 S.W.2d 845, 846 (Tex.Civ.App.—San Antonio 1935), aff'd, *Cowart v. Meeks*, supra, involving an analogous situation, the Court of Civil Appeals recognized the consideration on appeal of the record from two trials:

> "The records of both trials have been filed herein and it is obvious that the appeal taken by Meeks is based upon the record on the second trial, while the appeal taken by the Cowarts is based upon the record made at the first trial; . . . . ."

■ In this case, it is our opinion that the issues, facts and law applicable to determine the rights as between Gault and Thomas are not so interdependent and entwined with those of the Bank and Pitman as to make their presence necessary in a second trial, and that the court did not abuse its discretion in denying the new trial

as to the Bank and Pitman and allowing the new trial as to the controversy between Gault and Thomas. *Cantu v. Casas*, 265 S.W.2d 175 (Tex.Civ.App.—San Antonio 1953, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice § 18.21 (1971). In the instant case the three defendants are distinct and their causes severable, although they were joined in a single action. Indeed, relator recognizes that the three causes are separate and distinct causes of action and could have been filed and tried separately.

■ It is well established that matters regarding the granting or denial of motions for new trial and with respect to severance or non-severance of separate causes are proper subjects for the trial court's discretion. It is our opinion that mandamus will not lie to require the trial court to grant a new trial as to all defendants. This is a matter in which the trial court has exercised its judicial discretion that will not be disturbed on appeal except upon a showing of manifest abuse of such discretion. See *City of Perryton v. Boyer*, 423 S.W.2d 170 (Tex.Civ.App.—Amarillo 1968, mandamus overruled); 41 Tex.Jur.2d New Trial § 3, at 29; *Kansas University Endowment Ass'n v. King*, 162 Tex. 599, 350 S.W.2d 11, 19 (1961); 1 Tex.Jur.2d Actions § 69, at 594. A Court of Civil Appeals is not authorized to issue a writ of mandamus to compel a trial court to do any act which is discretionary on the part of such court. *Comet Aluminum Company v. Dibrell*, 452 S.W.2d 32 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ); *Prince v. Peurifoy*, 396 S.W.2d 913 (Tex.Civ.App.—Dallas 1965, no writ).

For the reasons above stated, we deny the application for writ of mandamus and refuse the writ.